UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 1:14-cv-22652-BB**

ROTHSCHILD STORAGE
RETRIEVAL INNOVATIONS, LLC,

            Plaintiff,

vs.

SONY MOBILE COMMUNICATIONS (USA) INC.,

            Defendant.
_____/

### PLAINTIFF ROTHSCHILD STORAGE RETRIEVAL INNOVATIONS, LLC'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER

Despite its minimal ties to the Northern District of California, Sony[1] seeks to divest RSRI[2] of its preferred venue and to transfer this case to the Northern District of California for a perceived litigation advantage. Transfer in this case does not enhance convenience for either party.

Sony's motion to transfer venue ignores the significant hardship that transfer would impose upon RSRI and its single-parent inventor and Managing Director, in favor of illusory convenience for unidentified third-party witnesses and two Sony witnesses and does not address that its employee-witnesses can be compelled to testify by their employer. Sony contends that RSRI's choice of forum should be given no weight—because it allegedly was "created for the purpose of filing this lawsuit"—despite the Federal Circuit's prior direct rejection of that identical argument when upholding denial of transfer. Each of the Federal Circuit cases cited by

---

[1] "Sony" refers to Defendant Sony Mobile Communications (USA) Inc.
[2] "RSRI" refers to Plaintiff Rothschild Storage Retrieval Innovations, LLC.

**PLAINTIFF ROTHSCHILD STORAGE RETRIEVAL INNOVATIONS, LLC'S
OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)**      Page 1

Sony relies on facts not present here – namely that the plaintiff in those cases was formed in a distant venue (the Eastern District of Texas) without any connections to the forum, in contrast to RSRI's inventor's decades of residence in this District.

Sony has not identified any relevant documents that exist in the Northern District of California. None of Sony's alleged third-party witnesses in the Northern District of California are offered with any explanation regarding what material testimony or information is possessed by those witnesses. Sony's motion ignores RSRI's material third-party witnesses, including its former patent prosecuting law firm and accountant, and various individual RSRI witnesses, and instead incorrectly argues only with regard to RSRI's inventor: "[a]nd while the inventor of the '797 patent appears to live in Florida, that, in and of itself, is entitled to little consideration." [DE 30] at 12.

Sony also ignores the significant waste of judicial resources implicated by its requested transfer. If this case is transferred to the Northern District of California, at least two judges will be tasked with the intensive claim construction process,[3] at great risk for inconsistent constructions of the patent at issue. While Sony might prefer that RSRI protect its intellectual property rights on two coasts before two courts, Sony's preference is not sufficient to impose such waste of judicial and party resources. As a result and as set forth below, Sony failed to meet its "high" burden to show that transfer is more convenient.

## I.   FACTUAL BACKGROUND

### A.   Leigh Rothschild and RSRI

Leigh Rothschild is an inventor. He filed his first patent application more than 30 years ago, and has since been issued more than 75 patents. *See* Declaration of Leigh M. Rothschild

---

[3] RSRI has moved to consolidate the related cases in the Southern District of Florida.

**PLAINTIFF ROTHSCHILD STORAGE RETRIEVAL INNOVATIONS, LLC'S**
<u>**OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**</u>                                                       Page 2

("Rothschild Dec.") at ¶ 3. President George H.W. Bush appointed Mr. Rothschild to the High-Resolution Board of the United States, and Governor Jeb Bush appointed Mr. Rothschild to Florida's IT Florida Technology Board. Howard Dec. at Ex. A ¶ 7. Mr. Rothschild has founded multiple companies to utilize his inventions, including IntraCorp, Inc., a Miami-based video game publishing company and Capstone Software, Inc. *Id.* at ¶¶ 5, 6. Mr. Rothschild also founded BarPoint, Inc., a Fort Lauderdale corporation that invented and utilized patented bar-code recognition software and was traded on the NASDAQ stock exchange. *Id.* at ¶ 7.

As graduate of both the undergraduate and graduate schools of the University of Miami, Mr. Rothschild has maintained an active presence with his *alma mater* and the community, including funding an endowment to the University and by forming the "Rothschild Entrepreneurial Prize" at the University's School of Business. *Id.* at ¶ 8. Mr. Rothschild has also given endowments to various local charities and institutions including the Tampa Children's Home and Miami Symphony Orchestra. *Id.*

Transfer would be exceptionally inconvenient for Mr. Rothschild. He is the principal member of more than seven businesses based out of the Southern District of Florida. *See* Rothschild Dec. ¶ 4. All of Mr. Rothschild's personal and business records are located in the Southern District of Florida, as are his CPA, general counsel, and the prosecution counsel used for U.S. Patent No. 8,437,797 (the "'797 patent"). *Id.* ¶ 5. Mr. Rothschild is a single parent, and transfer across the United States (or otherwise) will cause significant inconvenience regarding Mr. Rothschild's personal and child-care obligations. *Id.* ¶ 6.

B.   RSRI

Leigh Rothschild formed RSRI to hold and enforce the '797 patent, in this lawsuit and six related lawsuits in this District. *Id.* ¶ 7. RSRI is not a "patent acquisition" company; instead of

acquiring patents from others, it was formed by the inventor of the patent-in-suit for assertion of the patent-in-suit. *Id.* ¶ 8. RSRI's principal place of business is in the Southern District of Florida. *Id.* ¶ 9. RSRI possesses—in this District—documents relating to the conception and prosecution of '797 patent, as well as related and parent applications and patents. *Id.* RSRI also has documents relating to the licensing of the '797 patent. *Id.* ¶ 10. RSRI's outside accountant is in this District, as is its outside general counsel. *Id.* ¶ 11. RSRI has multiple employees, including Leigh Rothschild (Managing Director) and Connie Kazanjian (Executive Vice President). *Id.* Notably, Ms. Kazanjian's husband is scheduled for brain surgery in January of 2015 that would render her travel exceptionally inconvenient during his preparation and recovery period. *Id.* ¶ 12.

    **C.    Sony**

Sony Mobile Communications (USA) Inc. is a registered corporation in the state of Florida and distributes Sony Mobile products to the Southern District of Florida. Howard Dec. Ex. B; [DE 30] at 10. Sony admits that it is headquartered in Atlanta, Georgia [DE 30-1] at ¶ 4, which is only 607.07 miles from this District but 2,138 miles from the Northern District of California. Howard Dec. Ex. C, D. Within its Georgia headquarters, Sony's vice president of sales & business development, Scott Raley, has knowledge of sales of its mobile products. Howard Dec. Ex. E. In Raleigh-Durham, North Carolina, Sony's Software Test Engineer at Sony Mobile, Antonius Wiguna, worked with Android development for Sony's mobile phones. Howard Dec. Ex. F. Antonius Wiguna is located approximately 699.04 miles from this District, but 2,407.35 miles from the Northern District of California. Howard Dec. Ex. G, H.

### D. The current lawsuit

RSRI accuses Sony of infringing the '797 Patent. *See generally* [DE 1]. Specifically, RSRI has accused "Android devices such as Sony's Xperia Z1S and Xperia TL." *Id.* ¶ 16. In its Answer, Sony does not contest that that this Court has jurisdiction over Sony and that venue in this action is proper. [DE 19] at ¶¶ 5-8.

In light of RSRI's significant contacts to this District, and Sony's admission of sales of the accused products, venue, and jurisdiction in this District, the true motive for Sony's motion to transfer is laid bare: to avoid consolidation. RSRI moved to consolidate this case with the related cases in this district, which allege infringement of the '797 patent. *See* [DE 28]. In RSRI's reply in support of consolidation, it set forth how the defendants in the related RSRI cases are participating in a joint defense but vigorously resist allowing the Court and RSRI to obtain the same efficiencies in a consolidated case. [DE 41]. One of Defendants' principal arguments against consolidation is their motions to transfer. *Id.* Making clear that the intent to avoid consolidation is its principal motive, Sony's opposition to transfer argued that "Sony Mobile has filed a motion to transfer this action to the Northern District of California, [ECF No. 30], and thus, Plaintiff's motion for consolidation is premature." [DE 32] at 2.

## II.   ARGUMENTS AND AUTHORITY

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought or to any district or division to which all parties have consented." The burden is on the moving party to establish that the suggested forum is more convenient. *In re Ricoh Corp.*, 87- F.2d 570 (11th Cir. 1989). "This burden is high: a plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other consideration." *1*

*USA, Inc. v. Alcatel-Lucent USA Inc.* No. 12-23568-CIV, 2013 WL 358385, at *2 (S.D. Fla. Jan. 29, 2013) (internal citations omitted). "[T]o overcome the presumption in favor of [RSRI's] choice of forum, [Sony] must show the 'balance of the conveniences is *strongly* in favor of the transfer." *Operating Sys. Solutions, LLC. v. Apple, Inc.*, No. 8:11-cv-1754-T-30TGW, Dkt. No. 37 at 3 (M.D. Fla. Jan. 30, 2012) (emphasis in original) (denying motion to transfer case filed by non-practicing entity) (citing *Sterling v. Provident Life and Accident Ins. Co.*, 519 F. Supp. 2d 1195, 1204-06 (M.D. Fla. 2007)), attached at Howard Dec. Ex. I.

      A.      **The transfer factors show this case should be maintained in the Southern District of Florida.**

RSRI does not dispute that this lawsuit could have been brought in the Northern District of California. As a result, the issue of transfer turns on whether the balance of the conveniences of the witnesses and parties is "strongly" in favor of transfer. *Id.* The relevant factors are: "(1) [RSRI's] initial choice of forum; (2) the convenience of the parties and witnesses; (3) the relative ease of access to sources of proof; (4) the availability of compulsory process for witnesses; (5) the location of relevant documents; (6) the parties' financial ability to bear the cost of the change; and (7) all other practical problems that make trial of the case easy, expeditious, and inexpensive." *Id.* at 4. (citing *Sterling*, 519 F. Supp. 2d at 1204-06).

      1.      *RSRI's choice of forum is entitled to significant weight.*

RSRI's choice of forum "should not be disturbed unless it is clearly outweighed by other considerations." *Id.* (citing *Robison v. Giamarco & Bill, P.C.*, 74, F.3d 253, 260 (11th Cir. 1996)). RSRI is located in the Southern District of Florida, its employees are in this District, its inventor is in this District, and its documents are in this District. Mr. Rothschild, RSRI's Managing Director, has long ties to this District and has lived here for more than 40 years. He is a double graduate of the University of Miami and continues to support his *alma mater* through

endowments for the education of like-minded entrepreneurs. "[T]his District serves as Plaintiff's principal place of business, and therefore serves as Plaintiff's 'home' forum." Howard Dec. Ex. J (*Advanced Ground*) at 5 (citing *Waterproof Gear, Inc. v. Leisure Pro., Ltd.*, No. 08-cv-2191-T-33MAP, 2009 WL 1066249, at *6 (M.D. Fla. Apr. 20, 2009)).

Sony's argument on this factor—that RSRI is "created only for the purpose of filing this lawsuit"—not only ignores these facts but has been specifically rejected by the Federal Circuit under nearly-identical factual circumstances. In *In re Apple Inc.*, 456 Fed. Appx. 907, 909 (Fed. Cir. 2012), the Federal Circuit noted that "[a]lthough in [defendant's] papers much is made of [plaintiff's] recent and ephemeral connections to [its chosen venue]—[plaintiff] incorporated in [its chosen venue] and established an office one month before filing this suit—the district court gave that consideration no weight in its analysis" and denied the defendant's writ of mandamus. Citing this opinion, the Middle District of Florida has also disregarded arguments seeking transfer on the grounds that a plaintiff was established "solely for the purpose of litigation" and denied transfer. Howard Dec. Ex. I (*Operating Sys. Solutions*) at 5 (citing *In re Apple, Inc.*, 456 Fed. Appx. at 909); *see also In re Barnes and Noble, Inc.*, 743 F.3d 1381, 1384 (Fed. Cir. 2014) (denying mandamus of denial of transfer order even though "[t]he company is run and operated by the patent owner out of his home.").

Sony cites to a distinguishable Order transferring a case filed by a separate entity, Rothschild Digital Media Innovations, LLC, to the Northern District of California. [DE 30] at 11.[4] There, Judge Middlebrooks found that Defendants had named two key witnesses and

---

[4] Notably, Sony attempts to minimize Mr. Rothschild's connections with this case for consideration of the weight given Plaintiff's choice of forum, but to emphasize activities regarding Mr. Rothschild's other entities when it suits Sony. Sony cannot have it both ways; either Mr. Rothschild's contacts to this District are relevant to transfer, or Mr. Rothschild's other entities are not.

**PLAINTIFF ROTHSCHILD STORAGE RETRIEVAL INNOVATIONS, LLC'S**
<u>**OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**</u>                                                                Page 7

Rothschild had not identified its expert witnesses. Here, the roles are reversed; RSRI has identified its employees (Leigh Rothschild and Connie Kazanjian), accountant, prosecution attorneys of the patent in suit (Cuenot, Forsythe, & Kim, LLC), and prosecution attorneys of the parent to the patent in suit (Peter Matos and Steven M. Greenberg), whereas Sony has sparingly identified any witnesses with knowledge of infringement and damages located in the Northern District of California. Rothschild Dec. at ¶¶ 5, 9, 11. Thus, RSRI's initial choice of forum weighs in favor of RSRI.

       2.     *The convenience of parties and witnesses weighs in favor of denying transfer.*

Mr. Rothschild is the inventor of the patent in suit and the Managing Director of RSRI. This Court has previously held that the testimony of principals of non-practicing entities "will likely be required in some capacity." Howard Dec. Ex. J (*Advanced Ground*) at 6 (denying transfer). As the inventor, Mr. Rothschild will be required to testify regarding the meaning of the claim terms at issue, whether the accused products infringe, prosecution of the patent in suit, and his understanding of the value of his invention. As corporate representative of RSRI, Mr. Rothschild will be required to testify as to the value of the patent in suit, attempts to license the patent in suit, and other issues regarding damages. All of this testimony will be required at trial, but Mr. Rothschild is a single parent who will be greatly inconvenienced by transfer across the United States. If transfer is granted, he will need to obtain alternate child care over a period of weeks, if not months. No Sony witness has similar materiality to the claims at issue nor has Sony identified any similar inconvenience.

Similarly, Connie Kazanjian, RSRI's Executive Vice President will be offered to testify regarding RSRI's business dealings and other licensing issues. Ms. Kazanjian's husband, however, is scheduled for brain surgery in January of 2015 and travel across the United States

for trial is exceptionally inconvenient when compared to her responsibilities for his preparation and recuperation. Again, no single Sony witness has similar materiality to the claims at issue nor has Sony identified any similar inconvenience.

Sony admits that its headquarters are in Atlanta, Georgia. [DE 30-1] at ¶ 4. Its vice president of sales and business development, Scott Raley, is located in Atlanta and has knowledge in the sales of its mobile products. Howard Dec. Ex. E. Sony's Software Test Engineer at Sony Mobile, Antonius Wiguna, is also located in Raleigh-Durham, North Carolina, and has experience in Android development in mobile phones. Howard Dec. Ex. F. Even if this Court merely "tally[s] the number of witnesses," RSRI has identified more witnesses with knowledge of relevant facts in this District or geographically closer to this District than the Northern District of California, and this factor favors denial of transfer or is, at worst, neutral.

> 3. *The availability of compulsory process of third-party witnesses weighs against transfer.*

This Court holds that the "most important third-party witnesses are the inventors and the attorneys." *Wi-Lan USA*, 2013 WL 358385, at *4. The prosecution attorneys of the patent in suit, Cuenot, Forsythe, & Kim, LLC, have offices in this District and are no longer employed by RSRI. Rothschild Dec. ¶ 5; Howard Dec. Ex. L. The prosecuting attorneys of the parent to the patent in suit, U.S. Patent No. 8,204,437, are Peter Matos and Steven M. Greenberg and are located in this District and are no longer employed by RSRI. *See* Rothschild Dec. ¶ 13. And Mike Wasserman, RSRI's accountant, is located in this District and has knowledge regarding RSRI's financing and costs. *Id.* ¶ 11. None of these witnesses is likely to voluntarily testify because of the imposition to their continuing practices. But this District can compel their attendance at trial, while the Northern District of California cannot.

Sony's reliance on alleged third-party Google and *In re Google Inc.*, No. 2014-147, 2014 WL 5032336 (Fed. Cir. Oct. 9, 2014), are not applicable to the facts here. In *In re Google*, the Federal Circuit vacated the order of the Eastern District of Texas denying a motion to stay litigation against mobile-phone manufacturers in favor of a declaratory-judgment filed by Google in the Northern District of California because: (1) Google filed a declaration that its records, *for that case*, were predominately based in the Northern District of California; and (2) plaintiff's only prospective employee witness was plaintiff's counsel. *Id.* at *3. Because its alleged third-party facts are based upon a declaration from a separate case, Sony only "anticipate[s]" that Google's employees with relevant technical knowledge and documents relating to the accused products are located within the Northern District of California. [DE 30] at 13. Sony has submitted no evidence, by sworn declaration from Google or otherwise, regarding the materiality of Google witnesses to this case. Even if Sony had come forward with any evidence of the relevance of Google witnesses, Google Android is "an open-source software stack for a wide range of mobile devices." Howard Dec. Ex. M. This means that Google makes its source code publicly available so that developers can develop applications without license fees. Google thus publishes its "source code" and an "open accessory standard" for accessories to Android phones. *Id.* Any relevant information regarding Google's open-source code is thus publicly-available and witness testimony will not be required.

To the extent publicly available information is not sufficient, Google has an office in this District, and is subject to process for production of either a 30(b)(6) witness or any documents here. Howard Dec. Ex. N. The inclusion of Google as an alleged out-of-District third-party witness is simply an artifice of Sony's attempt to avoid consolidation by moving to transfer.

Regarding Sony's alleged "prior art" witnesses, Sony does not explain why the location of the authors of the prior art cited in the patent would be relevant at all. "It is highly unlikely that any of these authors would be called to testify at deposition or trial, or that any of their personal records relating to the references would contain relevant information." *Sanofi-Aventis Deutschland GmbH v. Novo Nordisk, Inc.*, 614 F. Supp. 2d 772, 778 (E.D. Tex. 2009). "[O]ral testimony to establish the existence of allegedly anticipatory devices has long been viewed with skepticism." *Sjolund v. Musland*, 847 F.2d 1573, 1578 (Fed. Cir. 1988) (citing *The Barbed Wire Patent Case*, 143 U.S. 275, 284-85 (1892)). "'Throughout the history of the determination of patent rights, oral testimony by an alleged inventor asserting priority over a patentee's rights is regarded with skepticism, and as a result, such inventor testimony must be supported by some type of corroborating evidence.'" *Woodland Trust v. Flowertree Nursery, Inc.*, 148 F.3d 1368, 1371 (Fed. Cir. 1998) (citing *Price v. Symsek*, 988 F.2d 1187, 1194 (Fed. Cir. 1993)). If the alleged pieces of prior art disclose to the public certain details of the asserted patent prior to the issuance of the asserted patent, then the documents that disclose such details are themselves the best evidence of anticipation or obviousness; prior invention cannot be demonstrated by testimony alone. Sony has identified nothing about the alleged "prior artists" that requires supporting testimony.

There is no indication that any of Sony's alleged third-party witnesses have any relevant information or any "indication that [Sony's alleged third-party witness are] actually unwilling to testify." *Microspherix*, 2012 WL 243764, at *5 (denying transfer). RSRI "on the other hand, specifically identifies [five] witnesses who live and reside in this District, who would similarly be outside the subpoena power of the Northern District of California." Howard Dec. Ex. J (*Advanced Ground*) at 7 (denying transfer). As a result, this factor also favors denial.

  4. *The relative ease of access to sources of proof and the locations of documents favors RSRI.*

  RSRI possesses—in this District—documents related to the patent in suit, documents regarding patents related to the patent in suit, documents related to RSRI's business, documents related to licensing, and communications related to the patent at suit. In contrast, Sony makes only attorney arguments that unidentified documents exist in the Northern District of California. [DE 30] at 10, 15. Nowhere in Sony's declarations does Sony state that any documents are located in the Northern District of California.

  As to third party documents, Sony merely speculates that Google's documents are located at its headquarters. [DE 30] at 13. As discussed *supra*, Google Android is "an open-source software stack" which is publicly-available anywhere in the United States. Howard Dec. Ex. M. This factor favors Plaintiff, or is at worst neutral because "[g]iven today's technology and the availability of overnight shipping to easily transport documents and other tangible evidence, the Court does not give much weight to this factor." [DE 30-20] at 6.

  5. *The relative financial means of the parties weigh against transfer.*

  Sony does not address this factor and thus must concede it does not favor transfer. In the Second Quarter of 2014 alone, Sony had ¥ 308.4 billion ($2,829 million) in sales. Howard Dec. O. RSRI is run by its inventor. It is beyond question that Mr. Rothschild's ability to finance litigation pales in comparison to one that employs thousands of employees.

  6. *Other practical problems weigh against transfer.*

  RSRI has filed suit against seven defendant groups, each with all of which allege infringement of the same patent by various defendants arising out of similar acts of infringement.[5] All of these cases involve common questions of law and fact:

---

[5] *See* Plaintiff's Notice of Related Cases [DE 5].

**PLAINTIFF ROTHSCHILD STORAGE RETRIEVAL INNOVATIONS, LLC'S**
<u>**OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**</u>  **Page 12**

- The same Plaintiff;
- The same patent;
- The same technical background;
- The same intrinsic evidence for patent claim construction;
- Ownership;
- Inventorship;
- Patent validity;
- The same asserted defenses; and
- Similar infringing functionalities.

Because the allegedly infringing devices bear no relevance to claim construction, the related cases are essentially one-and-the-same through the Markman hearing.

"To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960). "[T]he existence of multiple lawsuits involving the same issues 'is a paramount consideration when determining whether a transfer is in the interest of justice.'" *In re Vicor Corp.*, 493 Fed. Appx. 59, 61 (Fed. Cir. 2012) (*quoting In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009)). This consideration is "paramount" because "transferring this action would cause significant judicial inefficiency by severing into two groups the [seven] cases involving the same patents-in-suit. These inefficiencies include requiring witnesses to testify in two places, and different judges to rule on claim construction and other issues." Howard Dec. Ex. K (*Brandywine Commc'n*) at 15-16; *see also In re Vistaprint Ltd*., 628 F.3d 1342, 1345 (Fed. Cir. 2010) (denying petition for mandamus when "the district court correctly held a denial of

transfer would produce gains in judicial economy"). Transfer of the case against Sony would require not only RSRI to duplicate work, but would tax at least another judge in the Northern District of California with a claim construction hearing and duplicative motion practice.[6] This paramount consideration weighs strongly against transfer.

Sony invites the Court to ignore these practical considerations because "[i]n another case…Defendant Apple Inc. filed a motion to transfer to the Northern District of California." [DE 30] at n. 4. While some of the defendant groups have sought transfer, none of those transfer motions have any merit in light of RSRI's significant connections to this District. Simply because multiple defendants prefer improper transfer does not require courts on two coasts to undertake duplicative efforts and risk inconsistent rulings.

Moreover, Florida has "'very strong interest' in providing a forum for its residents to obtain relief from nonresidents causing injuries in Florida." Howard Dec. Ex. J (*Advanced Ground*) at 8 (citing *Licciardello v. Lovelady*, 544 F.3d 1280, 1288 (11th Cir. 2008)). These considerations weigh against transfer.

    7.    *The balance of transfer factors show transfer is inappropriate.*

By virtue of its Sony's activities in this District, as well as Mr. Rothschild's long-standing connections here, Plaintiff's choice of venue weighs against transfer. So does the convenience of the parties and witnesses, as RSRI's witnesses have personal obligations that would be significantly impeded by transfer and Sony has not identified any credible and necessary witnesses in the Northern District of California. Sony has identified no credible third-party witnesses from which testimony is required that could not be compelled to trial in the Southern District of Florida, while RSRI has identified five, which again weighs against transfer.

---

[6] RSRI has moved to consolidate the related cases in the Southern District of Florida.

**PLAINTIFF ROTHSCHILD STORAGE RETRIEVAL INNOVATIONS, LLC'S**
<u>**OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**</u>    **Page 14**

Sony's significant size weighs against its claims of inconvenience, which also favors retaining the case here. Finally, this Court has a strong interest in preventing judicial inefficiencies necessitated by transfer. The relative access to documents and proof is also against transfer. After weighing all these favors, the scales tip strongly in favor of retaining the case.

### B. Sony's cited cases are distinguishable.

The § 1404 transfer inquiry is factually-intensive and requires analysis of several factors. Each of Sony's cases involves vastly different facts than the present case, and are inapplicable here. Many involve transfer from the Eastern District of Texas where neither party had a connection there,[7] and the other cases were cited for a proposition does not apply to this case:

- *In re Google Inc.*, No. 2014-147, 2014 WL 5032336 (Fed. Cir. Oct. 9, 2014) (non-precedential) (reversing denial of stay order from E.D. Tex. where plaintiff's "primary operations are run out of Canada" and the only witnesses in the E.D. Tex. "work as counsel" for plaintiff);

- *In re Biosearch Tech. Inc.*, 452 Fed. Appx. 986, 988 (Fed. Cir. 2011) ("Both plaintiffs in this case are headquartered in [the transferee state] and one is in the [transferee district]" as well as "the patents' inventors and prosecuting attorneys");

- *In re Microsoft Corp.*, 630 F.3d 1361, 1362 (Fed. Cir. 2011) (reversing denial of transfer order from E.D. Tex. where inventor and managing member were in the United Kingdom, but had recently formed an office in the E.D. Tex.);

- *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (reversing denial of transfer order because "no witnesses reside within the Eastern District of Texas");

- *In re Nintendo Co., Ltd.,* 589 F.3d 1194, 1196-97 (Fed. Cir. 2009) (reversing denial of transfer order from E.D. Tex. where plaintiff was organized under Ohio law and had a principal place of business in Dublin);

- *In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008) ("[T]here is no relevant connection between the actions giving rise to this case and the Eastern District of Texas except that certain vehicles containing TS Tech's headrest assembly have been sold in the venue."); and

---

[7] Notably, the Federal Circuit applies the law of the regional circuit when evaluating transfer orders and thus Federal Circuit opinions arising out of the Fifth Circuit have no applicability in the Eleventh Circuit. *See, e.g.*, *In re Mayfonk, Inc.*, 554 Fed. Appx. 943, 944 (Fed. Cir. 2014) ("we apply the law of the regional circuit").

**PLAINTIFF ROTHSCHILD STORAGE RETRIEVAL INNOVATIONS, LLC'S**
<u>**OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**</u>                                                                    **Page 15**

- *Mayfonk, Inc. v. Nike, Inc.*, No. 13-60755-CIV-MIDDLEBROOKS (S.D. Fla. June 18, 2013) (exhibit) ("Defendant's sole ties to this District are based on its sale of infringing products" and "Plaintiff entered into an agreement with Defendant, which contained a forum selection clause that designated [the transferee forum] as the chosen forum.").

In contrast to all of these cases, RSRI, its inventor, its prosecution files, its prosecution attorneys, and its accountant are located in this District. Sony's motion to transfer should be denied.

### C. To the extent the Court considers transfer, it should do so only after claim construction.

To the extent the Court finds that transfer is appropriate, it should follow a line of cases that abates transfer until after claim construction to mitigate judicial inefficiencies. "[R]etain[ing] this case until [the] claim construction opinion" serves two "important" purposes: "First, it conserves judicial resources by requiring only one district court to address the disputed claim terms, and second, it eliminates the risk of inconsistent claim construction." *Acqis LLC v. EMC Corp.*, No. 6:13-cv-00638-LED, 2014 WL 5485900, at *5 (E.D. Tex. Sept. 10, 2014). "The claim construction process is one of the most difficult and time-consuming aspects of a patent case…. [R]etaining the Transferring Defendants through the Markman phase conserves limited judicial resources." *PersonalWeb Tech., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-00655-LED, 2013 WL 9600333, at *23 (E.D. Tex. Mar. 21, 2013); *see also Princeton Digital Image Corp. v. Facebook, Inc.*, No. 2:11-cv-00400-JRG, 2012 WL 3647182, at *5 (E.D. Tex. Aug. 23, 2012) (noting defendants "may for a joint defense group" and that "depositions and discovery are coordinated for common issues arising in all the related cases").

To the extent the Court considers transferring this case against Sony, it should do so only after the *Markman* hearing. All of the evidence related to claim construction is located in this District: the inventor, the prosecution counsel, and the prosecution files. As a result, the case should be maintained in this District at least through the *Markman* hearing.

### III.     CONCLUSION

Based on the foregoing, Plaintiff requests that Sony's Motion to Transfer Venue [DE 30] be denied. In the alternative, ruling on the motion should be held in abeyance pending a determination on claim construction.

Dated: December 5, 2014                Respectfully submitted,

>DIAZ REUS & TARG, LLP
>100 Southeast Second Street
>3400 Miami Tower
>Miami, Florida 33131
>Telephone: (305) 375-9220
>Facsimile: (305) 375-8050
>
>*/s/Brant C. Hadaway*
>Brant C. Hadaway
>Florida Bar No. 494690
>E-mail: bhadaway@diazreus.com
>Michael Diaz, Jr.
>Florida Bar No. 606774
>E-mail: mdiaz@diazreus.com
>Xingjian Zhao
>Florida Bar No. 86289
>E-mail: xzhao@diazreus.com
>
>*Counsel for Plaintiff*
>
>– AND –
>
>Michael W. Shore
>Texas Bar No. 18294915
>E-mail: mshore@shorechan.com
>Alfonso G. Chan
>Texas Bar No. 24012408
>E-mail: achan@shorechan.com
>Andrew M. Howard
>Texas Bar No. 24059973
>E-mail: ahoward@shorechan.com
>Dustin R. Lo
>Texas Bar No. 24087937
>E-mail: dlo@shorechan.com
>SHORE CHAN DEPUMPO LLP
>901 Main Street, Suite 3300
>Dallas, Texas 75202

                                            Telephone: (214) 593-9110
                                            Facsimile: (214) 593-9111

*Of Counsel*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 5th day of December, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notice of Electronic Filing Generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronics Filing.

*/s/Brant C. Hadaway*
Michael Diaz, Jr.
Florida Bar No. 606774
E-mail: mdiaz@diazreus.com
Brant C. Hadaway
Florida Bar No. 494690
E-mail: bhadaway@diazreus.com
Xingjian Zhao
Florida Bar No. 86289
E-mail: xzhao@diazreus.com

*Counsel for Plaintiff*

## SERVICE LIST

Janet T. Munn
Rasco Klock, et al.
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, FL 33134
jmunn@rascoklock.com

Richard L. Wynne, Jr.
Adrienne E. Dominguez
Thompson & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
Richard.wynne@tklaw.com
Adrienne.dominguez@tklaw.com