UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-22652-BLOOM/Valle

ROTHSCHILD STORAGE RETRIEVAL
INNOVATIONS, LLC,
a Florida limited liability company,

      Plaintiff/Counter-Defendant,

v.

SONY MOBILE COMMUNICATIONS (USA) INC.,
a Delaware corporation,

      Defendant/Counter-Plaintiff.
_____/

## ORDER ON DEFENDANT'S MOTION TO TRANSFER

This cause is before the Court on Defendant Sony Mobile Communications (USA) Inc.'s Motion to Transfer pursuant to 28 U.S.C. § 1404(a) ("Motion"), ECF No. [30], filed on November 10, 2014, which seeks transfer of this matter to the United States District Court for the Northern District of California.  On December 5, 2014, Plaintiff Rothschild Storage Retrieval Innovations, LLC ("Plaintiff") filed its Response, ECF No. [42], and Defendant Sony Mobile Communications (USA) Inc. ("Sony Mobile") filed its Reply, ECF No. [44], on December 15, 2014.  The Court has reviewed the Motion, all supporting and opposing filings, and the record in this case, and is otherwise fully advised as to the premises.  For the reasons that follow, the Motion is granted.

### I. BACKGROUND

On July 3, 2014, Plaintiff acquired U.S. Patent No. 8,437,797 ("the '797 Patent"), titled "Wireless Image Distribution System and Method."  *See* Patent Assignment, ECF No. [30-14]. On July 16, 2014, a mere two weeks after the patent's acquisition, Plaintiff commenced this

1

action alleging infringement of the '797 Patent by virtue of Sony Mobile's continued "making, using, selling, offering to sell, and/or importing into the United States products that embody or practice the apparatus and/or method covered by one or more claims of the '797 Patent . . . ." *See* Compl., ECF No. [1] at ¶¶ 11, 15.  The allegedly infringing functionalities which are contained within Android devices such as Sony's Xperia Z1S and Xperia TL smartphones (the "Accused Products"), include "sharing a group of photos based on their geographic location within their 'Locations' album to another mobile device." *Id.* at ¶ 15.  Plaintiff is a Florida limited liability company organized and existing under the laws of the State of Florida with its principal place of business located in Bay Harbor Islands, Florida.  *See* Compl., ECF No. [1] at ¶ 1.  Sony Mobile is a Delaware corporation licensed to do business in the State of Florida with its principal place of business in Atlanta, Georgia.  *Id.* at ¶ 2.  According to the Complaint, venue is proper in the Southern District of Florida because Sony Mobile "has committed acts of infringement in this District giving rise to this action and does business in this District, including making sales and/or providing service and support for their respective customers in this District." *Id.* at ¶ 8.

Simultaneously with the filing of this action, Plaintiff filed six additional lawsuits in this District against various technology companies operating in the mobile phone industry claiming infringement of the '797 Patent through similar and/or related functionalities.[1]  Plaintiff has

---

[1] The seven related cases, including this action (listed first), are:

1. *Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Communications (USA) Inc.*, 1:14-cv-22652-BB ("*Sony Case*");
2. *Rothschild Storage Retrieval Innovations, LLC v. Samsung Electronics Co., Ltd., et al.*, Case No. 1:14-cv-22653-CMA ("*Samsung Case*");
3. *Rothschild Storage Retrieval Innovations, LLC v. LG Electronics, Inc., et al.*, Case No. 1:14-cv-22654-DPG ("*LG Case*");

sought consolidation of these actions for claim construction purposes, alleging that all involve common questions of law and fact. *See* Mot. to Consolidate, ECF No. [28]. In the instant Motion, Sony Mobile seeks to transfer this matter to the Northern District of California, asserting that this alternative venue is "overwhelmingly [] more convenient," and stating in support that (1) Sony Mobile's relevant witnesses are located in California, (2) numerous third-party witnesses are also in California, and (3) Plaintiff's ties to the forum are weak at best. *See* Mot., ECF No. [30]. In fact, similar motions have been filed in five of the six other actions in this District seeking to transfer their respective actions to the Northern District of California.[2]

## II. LEGAL STANDARD

The transfer statute, 28 U.S.C. § 1404(a), which embodies a codification and revision of the *forum non conveniens* doctrine, see *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "Section 1404(a) reflects an increased desire to have federal civil suits tried in the federal system at the place called for in the particular case by considerations of convenience and justice." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The statute grants broad discretion to the district court. *See Osgood v. Disc. Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1263 (S.D. Fla.

---

4. *Rothschild Storage Retrieval Innovations, LLC v. HTC Corporation, et al.*, Case No. 1:14-cv-22655-KMW ("*HTC Case*");
5. *Rothschild Storage Retrieval Innovations, LLC v. Nokia Corporation*, Case No. 1:14-cv-22657-DPG ("*Nokia Case*");
6. *Rothschild Storage Retrieval Innovations, LLC v. Apple Inc.*, Case No. 1:14-cv-22658-MGC ("*Apple Case*"); and
7. *Rothschild Storage Retrieval Innovations, LLC v. Motorola Mobility LLC*, Case No. 1:14-cv-22659-RNS ("*Motorola Case*").

[2] Motions to transfer have been filed in the *Samsung Case*, ECF No. [43], *LG Case*, ECF No. [39], *HTC Case*, ECF No. [20], *Apple Case*, ECF No. [16], and *Motorola Case*. ECF No. [35]. Thus, only the *Nokia Case* defendants have not sought transfer.

2013) (stating that the "standard for transfer under 28 U.S.C. § 1404(a) leaves much to the broad discretion of the trial court") (citation omitted); *see also Piper Aircraft*, 454 U.S. at 253 (noting that "[d]istrict courts were given more discretion to transfer under § 1404(a) than they had to dismiss on grounds of *forum non conveniens*") (citation omitted); *Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1275 (S.D. Fla. 2011) ("The Court has broad discretion in determining whether these factors suggest that transfer is appropriate."). The party seeking transfer bears the burden of demonstrating entitlement. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) ("[I]n the usual motion for transfer under section 1404(a), the burden is on the movant to establish that the suggested forum is more convenient.").

In determining the appropriateness of transfer, courts employ a two-step process. *See Osgood*, 981 F. Supp. 2d at 1263 (citing *Abbate v. Wells Fargo Bank, Nat. Ass'n*, 09–62047–Civ, 2010 WL 3446878, at *4 (S.D. Fla. Aug. 31, 2010)); *Precision Fitness Equip., Inc. v. Nautilus, Inc.*, No. 07-61298-CIV-COOKE, 2008 WL 2262052, at *1 (S.D. Fla. May 30, 2008) (citing *Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1376 (S.D. Fla. 2003); *Jewelmasters, Inc. v. May Dep't Stores*, 840 F. Supp. 893, 894-95 (S.D. Fla. 1993) (citing *Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19 (1960))). First, the district court is tasked with determining whether the action could have been pursued in the venue to which transfer is sought. *See Osgood*, 981 F. Supp. 2d at 1263 (citing *Abbate*, 2010 WL 3446878, at *4). Second, "courts assess whether convenience and the interest of justice require transfer to the requested forum." *Id.* (citation omitted). In analyzing this second prong, the Court applies several factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a

4

> plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Motorola Mobility*, 804 F. Supp. 2d at 1275-76 (quoting *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002) and citing *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)).  Traditionally, a plaintiff's choice of forum is accorded considerable deference, *In re Ricoh*, 870 F. 2d at 573 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)), and, "[u]ltimately, transfer can only be granted where the balance of convenience of the parties strongly favors the defendant." *Steifel Labs., Inc. v. Galderma Labs., Inc.*, 588 F. Supp. 2d 1336, 1339 (S.D. Fla. 2008) (citing *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996)).  With regard to the first prong, an action "might have been brought" in any court that has subject-matter jurisdiction, where venue is proper, and where the defendant is amenable to process issuing out of the transferee court. *Windmere Corp. v. Remington Prods., Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citing 15 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure § 3845 (1976)).

## III. DISCUSSION

The parties do not dispute that this matter "might have been brought" in the Northern District of California and the Court concurs. *See* Mot., ECF No. [30] at 9; Resp., ECF No. [42] at 6. Accordingly, the Court's examination focuses on the second inquiry: whether convenience and the interest of justice support transfer. As noted, in determining this, the Court weighs several factors. *See Motorola Mobility*, 804 F. Supp. 2d at 1275-76 (citation omitted).

### A.     *Convenience of the Parties, Witnesses, and Availability of Process*

Sony Mobile first contends that the convenience of the parties and witnesses weighs heavily in favor of transfer. Although Sony Mobile is headquartered in Atlanta, Georgia, a venue significantly closer to this District than the Northern District of California, see Lazzardi

5

Decl., ECF No. [30-1] at ¶ 4, its additional facilities in San Diego and San Mateo, California, are primarily responsible for its mobile operations and related software development. *See id*; Hilding Decl., ECF No. [30-2] at ¶ 4. Indeed, the Atlanta headquarters serves only as an administrative facility, merely providing marketing and other administrative functions necessary to the operation of the company. *See* Lazardi Decl., ECF No. [30-1] at ¶ 4. Details surrounding the integration of the camera and photo album functionality in the Accused Products is created and developed through Sony Mobile's Applications and Service Development group, which is comprised of a fourteen-member team located solely in San Mateo, California. *See* Hilding Decl., ECF No. [30-2] at ¶¶ 5-7. Other key witnesses are also located in the Northern District of California. Sony Mobile's Head of Platform Software, Stephen Lee, an individual with knowledge of how the Accused Products operate within networks, including the nature of photo sharing across devices, is located in San Mateo. *See* Hilding Decl., ECF No. [30-2] at ¶ 9.

On the other hand, besides the corporate Plaintiff itself and the inventor of the '797 Patent, very few witnesses are located in this District, and those referenced by Plaintiff do not appear to be directly related to the ultimate issue of infringement. Plaintiff stresses that it will be incredibly inconvenient for its two corporate executives to testify in California due to personal issues that need not be discussed here. While the Court is sympathetic to the circumstances creating this inconvenience, the Court is not persuaded that the convenience of these two witnesses weighs in favor of denying transfer. Plaintiff points to two corporate executives, including the inventor, who will be offered to testify to the value of the '797 Patent and damages, as well as testifying to Plaintiff's "business dealings and other licensing issues." *See* ECF No. [42] at 20. These witnesses, while arguably relevant to the certain issues in the case, do not appear to be relevant to the accusations contained in the Complaint. *See Microspherix LLC v.*

*Biocompatibles, Inc.*, No. 9:11-CV-80813-KMM, 2012 WL 243764, at *3 (S.D. Fla. Jan. 25, 2012) (noting that the Court does not simply tally the number of witnesses on each side, but rather, "the witnesses' actual knowledge relative to the instant dispute, and the location and convenience of the witnesses are [the] important considerations when evaluating whether transfer is justified") (citations omitted).  Thus, their presence in the current forum is accorded little weight.  Moreover, the fact that additional Sony Mobile witnesses may be located in Atlanta or, alternatively, Raleigh-Durham, North Carolina, provides little support for the denial of transfer.  The individuals responsible for the development and creation of the Accused Products, and, therefore, those with the most knowledge of the allegedly infringing functionalities, reside in Northern California.

Additionally, potential third-party witnesses can be found in the transferee district, yet another fact supporting transfer.  The Accused Products are based on Google, Inc.'s Android operating system, and, therefore, the allegedly infringing functionalities rely on the Android software for many features.  *See* Hilding Decl., ECF No. [30-2] at ¶ 8.  Google, Inc. and its related witnesses are located in Mountain View, California, in the Northern District of California.  *See id.*  This Court has noted that "[t]he convenience of non-party witnesses is an important, if not the most important, factor in determining whether a motion for transfer should be granted."  *Cellularvision Tech. & Telecommunications, L.P. v. Cellco P'ship*, No. 06-60666-CIV, 2006 WL 2871858, at *3 (S.D. Fla. Sept. 12, 2006) (citing *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1301 (S.D. Fla. 2002)).  Moreover, potentially helpful academics and other individuals with knowledge pertaining to the prior art reside in Northern

7

California.[3]  The issuance of subpoenas and power to enforce these witnesses' attendance at trial is vested in the Northern District of California.  This District lacks that authority.

In a case very analogous to the one at bar, the Honorable Judge Donald M. Middlebrooks recently found that a related plaintiff's limited number of in-forum witnesses would not preclude transfer where a substantial portion of defendant's witnesses were located in the Northern District of California.  *See Rothschild Digital Media Innovations, LLC v. Sony Computer Entertainment America LLC*, No. 14-cv-22134-MIDDLEBROOKS, ECF No. [22] (S.D. Fla. Aug. 28, 2014).[4]  Similarly, here, this factor weighs heavily in favor of transfer.

### B.   *Access to Sources of Proof, Locus of Operative Facts, and Plaintiff's Choice*

Undoubtedly, and contrary to Plaintiff's assertions, the bulk of evidence regarding the Accused Products exists in Northern California, where the products were created.  However, given the ease with which documents may be transmitted in the 21st Century, courts regularly

---

[3] Plaintiff cites to *Wi-Lan USA, Inc. v. Alcatel-Lucent USA Inc.*, No. 12-23568-CIV, 2013 WL 358385, at *4 (S.D. Fla. Jan. 29, 2013) for the blanket proposition that this Court has held that "[t]he most important third-party witnesses are the inventors and the attorneys."  Ostensibly, Plaintiff's citation in this regard is intended to assign great significance to the presence of the original prosecuting attorneys in Southern Florida. Yet, as presented, Plaintiff's quotation is disingenuous.  The Court in *Wi-Lan* did not hold that inventors and attorneys are *always* the most important third party witnesses, but rather, under the factual circumstances presented therein, and because the defendant had failed to present any witnesses who would be assisted by transfer, the convenience factor did not favor transfer.  *See id.*  Absent additional authority supporting this proposition, the Court respectfully declines to accord the residence of the original prosecuting attorneys the weight Plaintiff desires.  Furthermore, Plaintiff has failed to identify how the prosecuting attorneys will be of extraordinary significance in this matter.

[4] In an attempt to discount Judge Middlebrooks' findings in *Rothschild Digital Media Innovations*, Plaintiff contends that the "roles are reversed," as Plaintiff has identified several key witnesses and Sony Mobile has "sparingly identified any witnesses with knowledge of infringement and damages located in the Northern District of California."  *See* Resp., ECF No. [42] at 7-8. The Court disagrees.  As noted, Sony Mobile has identified numerous witnesses in the Northern District of California that directly relate to the issue of infringement, whereas Plaintiff has only identified a few individuals, namely, the inventor and original prosecuting attorneys, whose relation to the question of infringement remains unclear.

determine the location of relevant documents to be of little weight. *See, e.g., Microspherix LLC*, 2012 WL 243764, at *3 ("In a world with fax machines, copy machines, email, overnight shipping, and mobile phones that can scan and send documents, the physical location of documents is irrelevant."). Therefore, this factor remains neutral.

Typically, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson*, 74 F.3d at 260 (citation omitted). However, "'where the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration.'" *Wi-LAN USA, Inc. v. Apple Inc.*, No. 12-CV-24318-KMM, 2013 WL 1343535, at *4 (S.D. Fla. Apr. 2, 2013) (quoting *Motorola Mobility*, 804 F. Supp. 2d at 1276). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quoting *Neil Bros. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006)). Further, various district courts have determined that the "center of gravity" for a patent infringement case is "where the accused product was designed and developed." *See, e.g., Motorola Mobility, Inc.*, 804 F. Supp. 2d at 1276 (citing *Trace-Wilco, Inc. v. Symantec Corp.*, No. 08–80877, 2009 WL 455432, at *2-3 (S.D. Fla. Feb. 23, 2009) (collecting cases)).

Interestingly, Plaintiff does not address Sony Mobile's "center of gravity" argument, but rather merely tries to distinguish the cited cases on factual bases. Any distinguishing elements of the cited cases do not obviate the indisputable fact that no aspect of the design or development of the Accused Products occurred in the Southern District of Florida. As the Accused Products were developed in California, the operative facts of this litigation and this matter's "center of

gravity" is located there, and, accordingly, Plaintiff's choice of forum is entitled to less deference. As noted by Judge Middlebrooks, "where the inventor of the patent-in-suit resides in Florida, the recent creation of Plaintiff as an entity solely to license the patent and enforce the patent in litigation here does not carry weight." *See Rothschild Digital Media Innovations*, No. 14-cv-22134-MIDDLEBROOKS, ECF No. [22], at *7 (citing *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011)). Therefore, Plaintiff's choice of forum is not entitled to substantial deference. Based upon these facts, the Court finds that these factors heavily favor transfer to the Northern District of California, despite Plaintiff's initial choice of forum.

### C.     *The Relative Means of the Parties*

At first blush, the relative means of the parties' factor appears to weigh in favor of retaining the action as Sony Mobile is a large corporate entity and Plaintiff is not. However, Plaintiff and related entities owned and operated by the '797 Patent's inventor have filed over twenty separate lawsuits in districts other than this one, demonstrating a willingness to litigate patents elsewhere. *See* Wynne Decl., ECF No. [30-3] at ¶¶ 15-17. Thus, this factor only marginally supports a denial of transfer.

### D.     *Public Interest Factors and the Interests of Justice*

The final pertinent factor requires the Court to examine, based on the totality of the circumstances, trial efficiency and the interests of justice, as well as several other public interest factors including,

> the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness in burdening citizens in an unrelated forum with jury duty.

*Trace-Wilco*, 2009 WL 455432, at *2 (quoting *Piper Aircraft*, 102 S. Ct. at 241 n.6). An examination of these interests does not substantially favor either position and, therefore, these factors remain neutral in the Court's analysis.

Plaintiff implores the Court to impart great significance to maintaining this action here, in Plaintiff's home forum. However, as previously discussed, other than Plaintiff's incorporation in the State of Florida and very recent acquisition of the patent at issue, this matter does not present a case where Florida has a substantial interest. The burden imposed upon the Northern District of California's citizens is light, given that the California district has a substantial interest in adjudicating controversies involving a corporation employing hundreds of California residents. Further, the issue is governed by federal law and jurisdiction of the federal courts is not based on diversity. Thus, no problems related to the governing law are raised by the transfer of this matter to the Northern District of California. Ultimately, the public interest factors and the interests of justice favor transfer. The center of the alleged infringement, related parties, and the community with the most interest in the matter is not the Southern District of Florida. *See Trace-Wilco*, 2009 WL 455432, at *4 (finding that transfer would serve the interests of justice where the center of the accused activity occurred in the transferee district); *see generally ShadeFX Canopies, Inc. v. Country Lane Gazebos, LLC*, No. 13-80239-CIV, 2013 WL 9827411, at *3 (S.D. Fla. June 14, 2013) (citing 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters § 3854 at 246-47 (3d ed. 2007) ("a number of federal courts have considered this factor decisive—outweighing the other statutory factors")).

### E.     Other Considerations

Lastly, Plaintiff asserts that the pendency of the seven related actions in this District creates practical problems with transfer, rendering a possible scenario where two different courts

adjudicate the matter. The Federal Circuit has stated that "the existence of multiple lawsuits involving the same issues 'is a paramount consideration when determining whether a transfer is in the interest of justice.'" *In re Vicor Corp.*, 493 F. App'x 59, 61 (Fed. Cir. 2012) (quoting *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009)). However, this consideration is not nearly as prominent given the fact that defendants in all but one of the cases pending before this Court have moved for transfer on similar grounds. *See supra*, at 3 n.2. Moreover, "multidistrict litigation procedures exist to mitigate inefficiencies in this type of situation." *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014) (citing *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012) ("Common pretrial issues of claim construction and patent invalidity may also be adjudicated together through the multidistrict litigation procedures of 28 U.S.C. § 1407.")). For these reasons, the Court also finds that post-claim-construction transfer will not increase judicial efficiency.[5]

## IV. CONCLUSION

Balancing the aforementioned elements, the Court finds that transfer to the Northern District of California is warranted. The alternative forum is not only an appropriate forum, but significantly more appropriate given the fact that the core of activity surrounding the design, development, and production of the Accused Products occurred there. Plaintiff's ties to this forum are tenuous; it does not conduct business in the forum, but was merely formed in order to license and litigate the patent at issue, which was acquired a mere two weeks prior to commencing this action. On the other hand, the Northern District of California has significant

---

[5] Additionally, the claim construction process may be conducted on a rolling basis, that is, a presiding court may "revisit[] and alter[] its interpretation of the claim terms as its understanding of the technology evolves." *Pressure Products Med. Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1316 (Fed. Cir. 2010) (quoting *Pfizer, Inc. v. Teva Pharm., USA, Inc.*, 429 F.3d 1364, 1377 (Fed. Cir. 2005)). Therefore, construction of the claims is best resolved by a single court.

ties to the Accused Products and can otherwise be deemed the "center of gravity" for this patent infringement action.

Accordingly, Defendant Sony Mobile Communications (USA) Inc.'s Motion to Transfer Pursuant to 28 U.S.C. § 1404(a), **ECF No. [30]**, is **GRANTED**. The Clerk is directed to **TRANSFER** this case to the United States District Court for the Northern District of California. Upon transfer, the Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 14th day of January, 2015.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record