**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 1:14-22652-BB**

ROTHSCHILD STORAGE
RETRIEVAL INNOVATIONS, LLC,

        Plaintiff,

vs.

SONY MOBILE COMMUNICATIONS (USA) INC.,

        Defendant.
_____

**PLAINTIFF'S INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A), Plaintiff Rothschild Storage Retrieval Innovations, LLC ("RSRI") serves its Initial Disclosures. These disclosures are based on information reasonably available to RSRI at this time. In addition, these disclosures are made with the understanding that RSRI cannot anticipate all the positions that Defendant Sony Mobile Communications (USA) Inc. ("Sony") may take in this case.

RSRI reserves the right to supplement or amend its disclosures in accordance with the Federal Rules of Civil Procedure and the Local Court Rules as discovery progresses and as additional information otherwise becomes available. Finally, RSRI specifically reserves the right to rely on witnesses and evidence cited in Sony's Initial Disclosures, including any amendments or supplements thereto.

(i) The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:

| NAME | ADDRESS/PHONE | SUBSTANCE OF INFORMATION KNOWN |
|---|---|---|
| Leigh M. Rothschild | Contact through counsel for Plaintiff | Custodian of patent prosecution records. Has knowledge of RSRI's document retention policies and procedures, data processing resources, and patent prosecution procedures.<br><br>Named inventor of U.S. Patent No. 8,437,797 (the "'797 patent"). Has knowledge of the '797 patent's conception, reduction to practice, and prosecution. Has knowledge of defendant's infringement of the '797 patent. Has knowledge of potential licensing of '797 patent as well as RSRI's damages.<br>Named inventor of U.S. Patent No. 8,204,437 (the "'437 patent"), to which the '797 patent claims priority. Has knowledge of the '437 patent's conception, reduction to practice, and prosecution. |
| Connie Kazanjian | Contact through counsel for Plaintiff | Custodian of patent prosecution records. Has knowledge of RSRI's document retention policies and procedures, data processing resources, and patent prosecution procedures. Has knowledge of potential licensing of '797 patent as well as RSRI's damages. |
| Scott D. Paul | Cuenot, Forsythe & Kim, LLC<br>20283 State Road 7<br>Ste. 300<br>Boca Raton, FL 33498 | Patent Attorney. Has knowledge of the '797 patent and '437 patent and their prosecution history. |

| NAME | ADDRESS/PHONE | SUBSTANCE OF INFORMATION KNOWN |
|---|---|---|
| Peter Matos | Malloy & Malloy, P.A.<br>2800 S.W. Third Avenue<br>Historic Coral Way<br>Miami, FL 33129 | Patent Attorney. May have knowledge of the initial filing of the '437, and its prosecution history, to which the '797 patent claims priority. |
| Steven M. Greenberg | CRGO Law<br>7900 Glades Road<br>Suite 520<br>Boca Raton, FL 33434 | Patent Attorney. May have knowledge of the initial filing of the '437, and its prosecution history, to which the '797 patent claims priority. |
| Mike Wasserman | 9100 South Dadeland Blvd<br>Miami, FL 33156 | Account for RSRI. May have knowledge regarding RSRI's finances and costs. |

Addresses listed above are last-known addresses. In addition to the individuals identified above, RSRI also identifies all witnesses designated in Sony's initial disclosures in this action.

**(ii)   A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:**

Categories of documents, data compilations, and tangible things that are within RSRI's possession, custody, or control and that RSRI may use to support its claims or defenses include the following:

a.   The '797 patent, entitled "Wireless Image Distribution System and Method."

b.   Documents relating to the '797 patent, including but not limited to, the file history and documents relating to conception and reduction to practice of the inventions disclosed; and documents related to RSRI's ownership of the '797 patent.

c.   Documents relating to Sony's infringement of the '797 patent, including but not limited to, documents produced by Sony in discovery, reverse engineering results of Sony products, and documents demonstrating sales by Sony of products infringing the '797 patent.

**(iii)   A computation of any category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which such**

**computation is based, including materials bearing on the nature and extent of injuries suffered:**

Disclosure of Plaintiff's computation of damages is premature as a full calculation of Plaintiff's damages depends, in part, on financial information from Defendant, including but not limited to gross sales and net sales figures for the accused products. Further, the damages in this case will be the subject of expert testimony. Upon receipt of the necessary information from Defendant and in accordance with Federal Rules of Civil Procedure 26(a)(2) and 26(b)(4) and the scheduling order issued by the Court, Plaintiff and its expert(s) will further disclose and supplement Plaintiff's damages calculation. Plaintiff reserves the right to seek enhanced damages under 35 U.S.C. § 284, separate damage awards for infringement—including but not limited to contributory infringement and inducing infringement—injunctive relief, and any other relief the Court deems just and equitable. Plaintiff further reserves the right to seek its court costs from Defendant.

Subject to the foregoing, Plaintiff's damages claim will be measured by a reasonable royalty applied to Defendant's infringing sales representing the amount that would have been set in a hypothetical negotiation between a willing patent owner (such as Plaintiff) and a willing potential user of the patented technology as of the date infringement began. Plaintiff's testifying expert witness on damages may base his opinions in part upon one or more of the following factors outlined in *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970):

   a)   The royalties received by the patentee for the licensing of the patent in suit, proving or tending to prove an established royalty.

   b)   The rates paid by the licensee for the use of other patents comparable to the patent in suit.

   c)   The nature and scope of the license, as exclusive or non-exclusive; or as restricted or non-restricted in terms of territory or with respect to whom the manufactured product may be sold.

d)   The licensor's established policy and marketing program to maintain his patent monopoly by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that monopoly.

e)   The commercial relationship between the licensor and licensee, such as, whether they are competitors in the same territory in the same line of business; or whether they are inventor and promoter.

f)   The effect of selling the patented specialty in promoting sales of other products of the licensee; the existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales.

g)   The duration of the patent and the term of the license.

h)   The established profitability of the product made under the patent; its commercial success; and its current popularity.

i)   The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results.

j)   The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention.

k)   The extent to which the infringer has made use of the invention; and any evidence probative of the value of that use.

l)   The portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions.

m)   The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer.

n)   The opinion testimony of qualified inventors.

o)   The amount that a licensor (such as the patentee) and a licensee (such as the infringer) would have agreed upon (at the time the infringement began) if both had been reasonably and voluntarily trying to reach an agreement; that is, the amount which a prudent licensee – who desired, as a business proposition, to obtain a license to manufacture and sell a particular article embodying the patent invention – would have been willing to pay as a royalty and yet be able to make reasonable profit and which amount would have been acceptable by a prudent patentee who was willing to grant a license.

The full extent of Plaintiff's damages will be further disclosed and supplemented upon receipt of relevant information from Defendant and in accordance with Federal Rules of Civil Procedure 26(a)(2) and 26(b)(4) and any scheduling order issued by the Court.

(iv) **for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy part or all of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

Information and materials covered by this category are not in RSRI's possession and have not been disclosed or produced by Sony.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 3rd day of November 2014, I served the foregoing document via electronic mail on all counsel of record or pro se parties identified in the attached Service List.

    */s/ Brant C. Hadaway*
Michael Diaz, Jr.
Florida Bar No. 606774
E-mail: mdiaz@diazreus.com
Brant C. Hadaway
Florida Bar No. 494690
E-mail: bhadaway@diazreus.com
Xingjian Zhao
Florida Bar No. 86289
E-mail: xzhao@diazreus.com

DIAZ, REUS & TARG, LLP
100 Southeast Second Street
3400 Miami Tower
Miami, Florida 33131
Telephone: (305) 375-9220
Facsimile: (305) 375-8050

– AND –

Andrew M. Howard*
Texas Bar No. 24059973
E-mail: ahoward@shorechan.com
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111
*pro hac vice admission pending*

*Attorneys For Plaintiff Rothschild Storage Retrieval Innovations, LLC*

## SERVICE LIST

### CASE NO. 1:14-22652-BB

Janet T. Munn
Rasco Klock, et al.
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, FL 33134
jmunn@rascoklock.com

Richard L. Wynne, Jr.
Adrienne E. Dominguez
Thompson & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
Richard.wynne@tklaw.com
Adrienne.dominguez@tklaw.com