# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14–22652–CIV–BLOOM/VALLE

ROTHSCHILD STORAGE
RETRIEVAL INNOVATIONS, LLC,

      Plaintiff,

vs.

SONY MOBILE COMMUNICATIONS (USA) INC.

      Defendant.

_____/

**DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

In accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Sony Mobile Communications (USA), Inc. requests that Plaintiff Rothschild Storage Retrieval Innovations, LLC answer the following interrogatories, fully and in writing, under oath, within thirty (30) days of service of these interrogatories in accordance with the Federal Rules of Civil Procedure and in compliance with the Definitions and Instructions set forth below. Plaintiff's Responses can be directed to Defendant's counsel at Thompson & Knight LLP, 1722 Routh Street, Suite 1500, Dallas, Texas 75201.

**DEFINITIONS**

As used herein, the following terms are intended to have the meanings indicated:

1.    The terms "Plaintiff," "RSRI," "You," and "Your" shall refer to Plaintiff Rothschild Storage Retrieval Innovations, LLC, and include (a) any of its divisions, departments, offices, subsidiaries, agents; (b) all companies, corporations, or partnerships that are predecessors-in-interest or successors-in-interest of RSRI; and (c) each of the present and former

officers, directors, employees (including the inventors named on United States Patent No. 8,437,797), agents, consultants, independent contractors, in-house or outside counsel, representatives, experts, or other persons acting or purporting to act on behalf of the foregoing entity, or on whose behalf the foregoing entity acted or purported to act.

2. The term "Sony Mobile" shall refer to Defendant Sony Mobile Communications (USA) Inc.

3. The term "the '797 patent" means U.S. Patent No. 8,437,797, entitled "Wireless Image Distribution System and Method" which issued on May 7, 2103.

4. The terms "Patent-in-Suit" means U.S. Patent No. 8,437,797, and any other patent that You assert in this litigation.

5. "Entity" means any natural person or legal entity, including but not limited to any individual, corporation, partnership, proprietorship, firm, trust, association, joint venture, government group, organization, or group of persons.

6. "Any" and "each" should be understood to include and encompass "all."

7. "And" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.

8. The term "including" as used herein is not to be interpreted as limiting the request and, to the contrary, is intended to indicate specific examples without limitation.

9. The use of the singular form of any word includes the plural, and vice versa, as necessary to bring within the scope of the following requests all information which might otherwise be construed to be outside their scope.

## INSTRUCTIONS

A.  These interrogatories are addressed to Plaintiff Rothschild Storage Retrieval Innovations, LLC and its (a) present directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities that were in existence during the applicable period of time covered by these interrogatories; (b) any other person or entity acting on RSRI's behalf or on whose behalf RSRI acted; and (c) any other person or entity otherwise subject to RSRI's control, or which controls RSRI, or with which RSRI is under common control.

B.  Your answers must include all information concerning the matters inquired about available to You, Your attorneys, and any of Your other agents.

C.  If You cannot answer any interrogatory fully and completely after exercising due diligence to make inquiry and secure the information necessary to do so, please so state and answer each such interrogatory to the fullest extent You deem possible, specify the portion of each interrogatory that You claim to be unable to answer fully and completely, state the facts upon which You rely to support Your contention that You are unable to answer the interrogatory fully and completely, and state what knowledge, information, or belief You have concerning the unanswered portion of each such interrogatory.

D.  In the event You object to any interrogatory set forth below on the basis of a contention that it is overbroad for any reason, please respond to the interrogatory as narrowed in such a way as to render it not overbroad in Your opinion and state the extent that You have narrowed the request for purposes of Your response.

E.  In accordance with Rule 33 of the Federal Rules of Civil Procedure, these interrogatories shall be continuous in nature. If You subsequently obtain information that renders

Your answers to these interrogatories incomplete or inaccurate, You are to amend Your answers to make them complete and accurate.

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify, with specificity, the manner in which you contend Sony Mobile has infringed any claim of the '797 Patent, including:

(a) Each claim of each Patent-in-Suit that is allegedly infringed by Sony Mobile ("Asserted Claims"), including whether the alleged infringement is literal infringement or infringement under the doctrine of equivalents;

(b) Separately for each Asserted Claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of Sony Mobile of which You are aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process; and

(c) In a chart, specifically where each element of each Asserted Claim is found within each Accused Instrumentality.

**ANSWER:**

**INTERROGATORY NO. 2:** For each Asserted Claim, identify the earliest date of invention, including:

– 5 –

(a) The priority date to which the Asserted Claim is entitled, for any Patent-in-Suit that claims priority to an earlier application; and

(b) Whether RSRI wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention. If so, identify, separately for each Asserted Claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

**ANSWER:**

Dated November 10, 2014

Respectfully submitted,

/s/ Janet T. Munn

Janet T. Munn, Esq., Fla. Bar No. 501281
Email: jmunn@rascoklock.com
RASCO KLOCK, ET AL.
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone:  305.476.7101
Telecopy:  305.476.7102

AND

Richard L. Wynne, Jr., Esq. (*Pro Hac Vice*)
Email: richard.wynne@tklaw.com
Adrienne E. Dominguez, Esq. (*Pro Hac Vice*)
Email: adrienne.dominguez@tklaw.com
THOMPSON & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: 214.969.1700
Telecopy: 214.969.1751

ATTORNEYS FOR DEFENDANT
SONY MOBILE COMMUNICATIONS (USA) INC.

– 7 –

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was hand delivered on November 10, 2014, to the following:

> Andrew M. Howard
> Shore Chan DePumpo LLP
> Bank of America Plaza
> 901 Main Street, Suite 3300
> Dallas, Texas 75202

By: s/ Richard L. Wynne, Jr.
      Richard L. Wynne, Jr.