# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14–22652–CIV–BLOOM/VALLE

ROTHSCHILD STORAGE
RETRIEVAL INNOVATIONS, LLC,

    Plaintiff,

vs.

SONY MOBILE COMMUNICATIONS (USA) INC.

    Defendant.

_____/

## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Sony Mobile Communications (USA), Inc. requests that Plaintiff Rothschild Storage Retrieval Innovations, LLC respond to the following requests for production within thirty (30) days of service of these requests in accordance with the Federal Rules of Civil Procedure and in compliance with the Definitions and Instructions set forth below. Plaintiff's responses can be directed to Defendant's counsel at Thompson & Knight LLP, 1722 Routh Street, Suite 1500, Dallas, Texas 75201.

### DEFINITIONS

As used herein, the following terms are intended to have the meanings indicated:

1. The terms "Plaintiff," "RSRI," "You," and "Your" shall refer to Plaintiff Rothschild Storage Retrieval Innovations, LLC, and include (a) any of its divisions, departments, offices, subsidiaries, agents; (b) all companies, corporations, or partnerships that are predecessors-in-interest or successors-in-interest of RSRI; and (c) each of the present and former

officers, directors, employees (including the inventors named on United States Patent No. 8,437,797), agents, consultants, independent contractors, in-house or outside counsel, representatives, experts, or other persons acting or purporting to act on behalf of the foregoing entity, or on whose behalf the foregoing entity acted or purported to act.

2. The term "Sony Mobile" shall refer to Defendant Sony Mobile Communications (USA) Inc.

3. The term "the '797 patent" means U.S. Patent No. 8,437,797, entitled "Wireless Image Distribution System and Method" which issued on May 7, 2103.

4. The terms "Patent-in-Suit" means U.S. Patent No. 8,437,797, and any other patent that You assert in this litigation.

5. "Entity" means any natural person or legal entity, including but not limited to any individual, corporation, partnership, proprietorship, firm, trust, association, joint venture, government group, organization, or group of persons.

6. "Documents" is used in the broadest possible sense and includes everything encompassed by Fed. R. Civ. P. 34(a) and applicable case law, and any other "writings" and "records" as defined in Fed. R. Evid. 1001.

7. "Things" or "materials" shall be synonymous in meaning and equal in scope to the use of that term in Fed. R. Civ. P. 34(a), and includes any tangible object other than a document.

8. "Any" and "each" should be understood to include and encompass "all."

9. "And" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.

10. The term "including" as used herein is not to be interpreted as limiting the request and, to the contrary, is intended to indicate specific examples without limitation.

11. The use of the singular form of any word includes the plural, and vice versa, as necessary to bring within the scope of the following requests all documents and things which might otherwise be construed to be outside their scope.

## INSTRUCTIONS

A. These requests are addressed to Plaintiff Rothschild Storage Retrieval Innovations, LLC and its (a) present directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest and any parent, subsidiary, or affiliated entities that were in existence during the applicable period of time covered by these requests; (b) any other person or entity acting on RSRI's behalf or on whose behalf RSRI acted; and (c) any other person or entity otherwise subject to RSRI's control, or which controls RSRI, or with which RSRI is under common control.

B. These requests seek disclosure to the full extent of the Federal Rules of Civil Procedure and shall be interpreted as inclusive rather than exclusive. These requests are of a continuing nature and RSRI is required to produce additional documents and things if it obtains further or different information after the date of its initial production and before this case is completed.

C. To the extent any definition or instruction herein conflicts with any other relevant definition or instruction, interpret the definition or instruction broadly, as necessary to bring within the scope of these requests any documents or things that might otherwise be construed to be outside their scope.

D.  If RSRI objects to any request, set forth the basis for the objection, and produce documents and things in response to the request to the extent that it is not objected to.

E.  Your responses much separately identify by production number which documents correspond to each category.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**  All documents that evidence or support Your answer to Interrogatory No. 1.

**RESPONSE:**

**REQUEST NO. 2:**  All documents (*e.g.*, contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the Patent-in-Suit.

**RESPONSE:**

**REQUEST NO. 3:**  All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the Patent-in-Suit or the priority date identified in response to Interrogatory No. 2, whichever is earlier.

**RESPONSE:**

**REQUEST NO. 4:**   A copy of the file history for each Patent-in-Suit and any patent or patent application to which the Patent-in-Suit claims priority.

**RESPONSE:**

Dated November 10, 2014

Respectfully submitted,

/s/ Janet T. Munn

Janet T. Munn, Esq., Fla. Bar No. 501281
Email: jmunn@rascoklock.com
RASCO KLOCK, ET AL.
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone:  305.476.7101
Telecopy:  305.476.7102

AND

Richard L. Wynne, Jr., Esq. (*Pro Hac Vice*)
Email: richard.wynne@tklaw.com
Adrienne E. Dominguez, Esq. (*Pro Hac Vice*)
Email: adrienne.dominguez@tklaw.com
THOMPSON & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: 214.969.1700
Telecopy: 214.969.1751

ATTORNEYS FOR DEFENDANT
SONY MOBILE COMMUNICATIONS (USA) INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was hand delivered on November 10, 2014, to the following:

>Andrew M. Howard
>Shore Chan DePumpo LLP
>Bank of America Plaza
>901 Main Street, Suite 3300
>Dallas, Texas 75202

By: s/ Richard L. Wynne, Jr.
Richard L. Wynne, Jr.