# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-22652-CIV-BLOOM/VALLE

ROTHSCHILD STORAGE
RETRIEVAL INNOVATIONS, LLC,

       Plaintiff,

vs.

SONY MOBILE COMMUNICATIONS (USA) INC.,

       Defendant.

_____

**FIRST SET OF REQUESTS FOR PRODUCTION**

**TO:** Defendant Sony Mobile Communications (USA) Inc., by and through their attorney of record, Richard Wynne, Jr., 1722 Routh Street, Suite 1500, Dallas, Texas 75201.

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Rule 26.1 of the Southern District of Florida's Local Rules, Plaintiff Rothschild Storage Retrieval Innovations, LLC ("Plaintiff" or "RSRI") hereby requests that Defendant Sony Mobile Communications (USA) Inc. ("SONY") produce and copy each document in SONY's possession, custody, or control, as requested herein, within thirty (30) days following the service of this request. All documents and things shall be produced to RSRI at the offices of Shore Chan DePumpo LLP, 901 Main Street, Ste. 3300, Dallas, Texas 75202.

**DEFINITIONS**

1.    The term "'797 PATENT" means U.S. Patent No. 8,437,797.

2.    The term "ACCUSED DEVICES" refers to all accused devices identified in Plaintiff Rothschild Storage Retrieval Innovations, LLC's Complaint and any amendments or supplements thereto such as Defendant's Android devices, including but not limited to the Sony

1

Xperia Z3, Xperia Z3 Compact, Xperia Z2, Xperia Z1s, and Xperia TL. In addition, the term "ACCUSED DEVICES" refers to any instrumentality, device, product, or product family that performs substantially the same function as the specifically identified devices accused of infringement in substantially the same way as is described in one or more claims of the patent-in-suit to achieve the same result.

3. The term "ACCUSED PRODUCTS" refers to all versions of any product or product family that incorporates an ACCUSED DEVICE in its design and/or operation.

4. The term "ACTION" shall mean the case entitled Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Communications (USA) Inc., Case No. 14-22652-CIV-BLOOM/VALLE, pending in the United States District Court for the Southern District of Florida, including any case into which the ACTION is consolidated or transferred.

5. "AGENT" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another or subject to the control of another.

6. The terms "COMMUNICATED" or "COMMUNICATION(S)" mean any transmission of information between or among two or more persons, by written, oral or any other means.

7. "DATE" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

8. The word "DOCUMENT" shall mean any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves

listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

9. "PERSON" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

10. The words "PERTAIN TO" or "PERTAINING TO" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

11. The term "PRIOR ART" shall refer to all publications, patents, physical devices, prototypes, products, knowledge, uses, sales, offers for sale, or other information or activity relating to the subject matter of the '797 PATENT, existing on or occurring at a date such as to be deemed relevant under any subdivision of 35 U.S.C. §§ 102 or 103, Pre-AIA.

12. The term "SALES INFORMATION" shall refer to information evidencing or depicting YOUR gross monthly sales, net monthly revenues, and/or associated monthly profits attributable to the sales of ACCUSED PRODUCTS and/or ACCUSED DEVICES, which YOU manufactured, tested, packaged, distributed, delivered, imported, exported, and/or sold as broken down by product type (*e.g.*, product number).

13. The terms "YOU," "YOURS" and/or "YOURSELVES" means Defendant Sony Mobile Communications (USA) Inc., and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf of Sony Mobile Communications (USA) Inc.

14. The terms "ALL" and "EACH" shall be construed to mean 'each and every'.

15. The terms "AND" and "OR" shall be construed both conjunctively and disjunctively, wherever such dual construction will serve to bring within the scope of the inquiry information which otherwise may not fall within its scope.

16. Generally, these requests cover the period of time from May 7, 2013 through the present. If, however, a request relates to a particular event, series of events or product or thing, then the applicable period of time shall be construed to include any time period in which that event or series of events occurred or in which that product was conceived and developed through the present.

17. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation."

18. Whenever the masculine gender is used herein, it should be taken to include the feminine gender where appropriate so as to be all-inclusive.

## II. INSTRUCTIONS

In addition to the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Southern District of Florida, and any governing case law, please respond in accordance with the following instructions:

1. Defendant SONY shall respond separately to each Request for Production, and no Request for Production shall be construed to limit the scope of any other Request.

2. Plaintiff requests that SONY comply with Federal Rule of Civil Procedure 34 to either (1) produce documents as they are kept in the usual course of business or to (2) organize and label them to correspond with each Request. If SONY responds to these Requests under option (1), Plaintiff requests SONY to also provide a copy of any label(s) contained on the file

folder, file draw, file box, or notebook from which the document(s) was removed, as well as instructions for accessing the documents to place Plaintiff in the same situation as SONY in evaluating the documents.

3. Each Request for Production is continuing in nature. SONY is reminded of its obligation to supplement any production timely pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

4. If YOU object to producing a document, electronically stored information or oral communication because of a privilege, you must nevertheless provide the following information pursuant to Local Rule 26.1(g)(3)(B)(ii), unless divulging the information would disclose the privileged information:

    a. the nature of the privilege claimed (including work product);

    b. if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

    c. the date of the document, electronically stored information or oral communication;

    d. if a document: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

    e. if an oral communication: the place where it was made, the names of the persons present while it was made, and if not apparent, the relationship of the persons present to the declarant; and

    f. the general subject matter of the document, electronically stored information or oral communication.

5. If YOU object to producing any document or thing responsive to these requests on the grounds of a duty of confidentiality, please provide the following:

a. a description of the type and nature of the information or document withheld sufficient to enable RSRI to assess relevance of the information or document withheld;

b. the specific identity, including contact information, to whom the alleged duty of confidentiality is owed;

c. the name of its author(s) or creator(s) as well as the name of each person who received or was shown the information or document, including each identified person's position, the entity with which each such person was employed or associated when they received or had access to the information or document, and whether the person is an attorney;

d. the current custodian of the information or document, including the source and location from which it was first identified in response to a Request;

e. if and when any request was made to any third party for permission to disclose the allegedly confidential information; and

f. the date of the document or information was first created or authored.

6. As contemplated by Rule 34 of the Federal Rules of Civil Procedure, electronically stored information (ESI) shall refer to all computer or electronically stored or generated data and information, including any attachments to or enclosures with an item otherwise identified as responsive to a Request herein, and shall be produced in its native format with all associated metadata. ESI includes information stored in any format on any storage media, including but not limited to: hard disks, floppy disks, optical discs, flash memory devices, and magnetic tape, regardless of whether fixed, portable or removable. The format of ESI varies widely, but includes and is not limited to: word-processing documents; spreadsheets or other worksheets; presentations (e.g. PowerPoint presentations); email messages; instant messages; sms messages; mms messages; image files; sound files; and databases. ESI also includes all associated metadata that is routinely maintained or saved, which includes, but is not limited to: document or file name or title; date and time of its creation; date and time of last edit; identity of its author; identity of its owner; identities of any editors; identities of all recipients; copies of all

changes; copy of any change histories; and any email header and routing information. Such metadata must be produced with the corresponding document(s) and maintained by the producing party.

7.      If any document responsive to any Request has been destroyed, please describe the content of such document, the location of any copies of such document, the date of such destruction, the name of the person who ordered or authorized such destruction, and the reason for such destruction. If any document was or may have been destroyed pursuant to a document retention policy, please identify the pertinent document retention policy and produce a copy of it.

8.      If any document responsive to any Request is no longer in your possession, custody, or control, please identify each such requested document by date, type of document, person(s) whom authored or created it, person(s) who received or were shown it; and provide a description of the information contained therein.

9.      Pursuant to Local Rule Appendix A section III.B., the entire production should be made available simultaneously, and the receiving attorney or paralegal can determine the order in which to review the materials. The Defendant has an obligation to explain the general scheme of record-keeping to the receiving party. The documents, electronically stored information or things should be identified with specific paragraphs of a request for production where practicable, unless the Defendant exercises its option under Federal Rule of Civil Procedure 34(b) to produce documents as they are kept in the usual course of business. When materials are produced individually, each specific item should be identified with a paragraph of the request. When materials are produced in categories or in bulk, the Defendant should identify certain groups of the production with particular paragraphs of the request or to provide some meaningful description of the materials produced.

### III.     FIRST REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Produce all DOCUMENTS PERTAINING TO the '797 PATENT, including but not limited to any DOCUMENT referring to same; DOCUMENTS PERTAINING TO the investigation or evaluation of possible infringement by SONY of same; and/or the potential validity, invalidity, and/or enforceability of same, which includes among other things DOCUMENTS YOU contend constitute PRIOR ART.

**RESPONSE:**

**REQUEST NO. 2:**

Produce all source code, specifications, schematics, flow charts, artwork, formulas, or other DOCUMENTATION sufficient to show the operation of any aspects or elements of an ACCUSED PRODUCT and/or ACCUSED DEVICE.

**RESPONSE:**

**REQUEST NO. 3:**

Produce all DOCUMENTS supporting YOUR contention that YOU do not infringe the '797 PATENT.

**RESPONSE:**

**REQUEST NO. 4:**

Produce all DOCUMENTS concerning a reasonable royalty under 35 U.S.C. § 284 for this case, including, but not limited to, any licenses or agreements relating to the ACCUSED PRODUCT and/or ACCUSED DEVICE, and any royalty rate SONY contends would be appropriate in this case.

**RESPONSE:**

**REQUEST NO. 5:**

Produce all DOCUMENTS PERTAINING TO YOUR SALES INFORMATION, including but not limited to any DOCUMENTS YOU filed with any United States federal and/or state government department and/or agency (e.g., Custom and Border Protection, Internal Revenue Service, comptroller for an individual state, a secretary of state, etc.), profit and loss statements, and/or other financial documentation.

**RESPONSE:**

**REQUEST NO. 6:**

Produce all DOCUMENTS PERTAINING TO any business plans, competitive analyses, market analyses, projections (including profit projections), projected sales and/or other financial analyses, and/or other similar DOCUMENTS, whether focused on the past, present, and/or future markets for the ACCUSED DEVICES and/or ACCUSED PRODUCTS.

**RESPONSE:**

**REQUEST NO. 7:**

Produce all DOCUMENTS that forecast, estimate, or report the total gross revenues, net revenues, profit margins, and earnings before interest and taxes realized for the sale of YOUR ACCUSED DEVICES and/or ACCUSED PRODUCTS.

**RESPONSE:**

**REQUEST NO. 8:**

Any DOCUMENTS or COMMUNICATIONS PERTAINING TO image sorting or image indexing according to location, Global Positioning System information, or other specified criteria, including but not limited to subsequent or contemporaneous transmittal of images to any specified recipient(s) or web server(s) based on such sorting or indexing.

**RESPONSE:**

Dated: November 11, 2014

        Respectfully submitted,

        DIAZ REUS & TARG, LLP
        100 Southeast Second Street
        3400 Miami Tower
        Miami, Florida 33131
        Telephone: (305) 375-9220
        Facsimile: (305) 375-8050

        */s/ Andrew M. Howard*
        Michael Diaz, Jr.
        Florida Bar No. 606774
        E-mail: mdiaz@diazreus.com
        Brant C. Hadaway
        Florida Bar No. 494690
        E-mail: bhadaway@diazreus.com
        Xingjian Zhao
        Florida Bar No. 86289
        E-mail: xzhao@diazreus.com

        *Counsel for Plaintiff*

        – AND –

        Andrew M. Howard*
        Texas Bar No. 24059973
        E-mail: ahoward@shorechan.com

        SHORE CHAN DEPUMPO LLP
        901 Main Street, Suite 3300
        Dallas, Texas 75202
        Telephone: (214) 593-9110
        Facsimile: (214) 593-9111

        *Admitted *Pro Hac Vice*
        *Of Counsel*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of November, 2014, I served the foregoing document on all counsel of record identified on the Service List below via hand delivery and email.

| | |
|---|---|
| Janet T. Munn<br>RASCO KOCK, ET AL.<br>2555 Ponce de Leon Blvd., Suite 600<br>Coral Gables, Florida 33134<br>jmunn@rascoklock.com | *Via Email* |
| Richard L. Wynne, Jr.<br>Adrienne E. Dominguez<br>Thompson & Knight LLP<br>1722 Routh Street, Suite 1500<br>Dallas, TX 75201<br>richard.wynne@tklaw.com<br>adrienne.dominguez@tklaw.com | *Via Hand Delivery and Email* |

                                              */s/ Andrew M. Howard*
                                              Andrew M. Howard