# EXHIBIT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-22652-CIV-BLOOM/VALLE

ROTHSCHILD STORAGE
RETRIEVAL INNOVATIONS, LLC,
        Plaintiff,

vs.

SONY MOBILE COMMUNICATIONS (USA) INC.
        Defendant.

_____/

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S
FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiff Rothschild Storage Retrieval Innovations, LLC ("Plaintiff" and/or "RSRI") serves the following Objections and Responses to Defendant Sony Mobile Communications (USA) Inc's ("Defendant" and/or "Sony") First Set of Requests for Production (the "Requests").

**GENERAL OBJECTIONS**

Plaintiff objects to the request on the following grounds. Each of these general objections shall be deemed incorporated into Plaintiff's objections to each individual request.

1.     Plaintiff will not knowingly disclose any information that is subject to the attorney client privilege, the work product doctrine, common interest privilege, joint defense privilege, the trade secret or proprietary information privilege, or any other applicable privilege or immunity. In connection with the Requests, Plaintiff does not intend to waive, and shall not be construed as having waived, any such privilege or protection. Any inadvertent production or disclosure thereof shall not be deemed a waiver of any such privilege or protection in whole or in part. Plaintiff reserves its right to recall any such document.

2. Plaintiff objects to these Requests on the grounds that they are unlimited as to scope and not reasonably limited as to time. In producing documents subject to its objections, Plaintiff will produce materials covering a reasonable time period.

3. Plaintiff objects to Defendant's Requests as requesting documentation not within the present possession, custody, or control of Plaintiff, or within the possession, custody, or control of a third-party. Such materials and information are outside the scope of document discovery from Plaintiff under FED. R. CIV. P. 34.

4. Plaintiff objects to these Requests to the extent they seek discovery of expert information in advance of the deadline provided by the Federal Rules of Civil Procedure and/or this Court's scheduling order.

5. Plaintiff objects to these Requests to the extent they seek to require RSRI to marshal all of its available proof or the proof RSRI intends to offer at trial.

6. Plaintiff objects to these Requests to the extent that they require Plaintiff to form legal conclusions in order to respond.

7. Plaintiff objects to Definition 1 to the extent it incorporates attorneys and thus implicates the attorney-client privilege, work-product exemption, and/or any other applicable statutory or common law privilege.

8. Plaintiff objects to Instruction A to the extent it incorporates attorneys and thus implicates the attorney-client privilege, work-product exemption, and/or any other applicable statutory or common law privilege. Plaintiff further objects to Instruction A as requiring legal conclusions and as unduly burdensome and overbroad as including "predecessors or successors in interest." Plaintiff further objects to Instruction A as modifying the definition of possession, custody, or control applicable pursuant to the Federal Rules of Civil Procedure and interpreting case law.

9. Plaintiff makes no admissions of any nature, and no admissions may be implied by, or inferred from, these objections and responses.

10. Each of the foregoing General Objections is hereby incorporated by reference into each of the following specific responses to Defendant's specific Requests.

11. Since fact and expert discovery are still ongoing, Plaintiff explicitly reserves the right to supplement these answers.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:** All documents that evidence or support Your answer to Interrogatory No. 1.

**RESPONSE:**

RSRI objects to this Request to the extent it seeks information protected by the attorney-client privilege or work-product doctrine. RSRI further objects to this Request as seeking discovery related to RSRI's Rule 11 investigation, which requires leave of the Court and is only allowed in extraordinary circumstances, which are not present here. *See* FED. R. CIV. P. 11 Advisory Committee Notes to the 1983 Amendment ("To assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions, the court must to the extent possible limit the scope of sanction proceedings to the record. Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances."); *see also* FED. R. CIV. P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation…" unless that party shows that it has a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."); *Vasudevan Software, Inc. v. International Business Machine*

*Corp.*, No. C09-05897 RS (HRL), 2011 WL 940263, at *4-5 (N.D. Cal. Feb. 18, 2011) (denying motion to compel responses to interrogatories that requested description of pre-filing investigation); *Reckitt Benckiser LLC v. Amneal Pharmaceuticals, LLC*, No. 11-6609 (FLW), 2012 WL 2871061, at *6 (D.N.J. July 12, 2012) (holding that testing procedures and protocol used by plaintiff fell within work-product privilege).  RSRI has specifically withheld information pursuant to its Federal Rule of Civil Procedure Rule 11 investigation and its attorneys' work product created in evaluation of its claims against Sony. Pursuant to Local Rule 26.1(g)(B)(ii)(a), such information includes: (1) infringement analysis and communications between RSRI and its counsel; (2) developed using MS Powerpoint, MS Excel, Microsoft Outlook or web-based email programs, and MS Word; (3) documents dated: July 13, 2012, October 16, 2013, October 17, 2013, October 19, 2012, March 12, 2014, June 13, 2014, June 17, 2014, June 23, 2014, June 25, 2014, July 10, 2014, July 11, 2014, July 15, 2014, and September 26, 2014; (4) author: RSRI, Leigh Rothschild, Connie Kazanjian, or Shore Chan DePumpo LLP, recipient: RSRI Leigh Rothschild, Connie Kazanjian, or Shore Chan DePumpo LLP. Subject to and without waiving the foregoing objections, RSRI will produce or has produced responsive, non-privileged documents in its possession.

**REQUEST NO. 2:**   All documents *(e.g.,* contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the Patent-in-Suit.

**RESPONSE:**

RSRI objects to this request to the extent it requires a legal conclusion. Subject to and without waiving the foregoing objections, no such documents exist.

**REQUEST NO. 3:** All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the Patent-in-Suit or the priority date identified in response to Interrogatory No.2, whichever is earlier.

**RESPONSE:**

RSRI objects to this Request to the extent it calls for a legal conclusion. Subject to and without waiving the foregoing objections, RSRI will produce or has produced responsive, non-privileged documents in its possession.

**REQUEST NO. 4:** A copy of the file history for each Patent-in-Suit and any patent or patent application to which the Patent-in-Suit claims priority.

**RESPONSE:**

RSRI objects to this Request as overly burdensome to the extent it requests information that is publicly available. Subject to and without waiving the foregoing objections, RSRI will produce or has produced responsive, non-privileged documents in its possession.

Dated: December 17, 2014    Respectfully submitted,

DIAZ REUS & TARG, LLP
100 Southeast Second Street
3400 Miami Tower
Miami, Florida 33131
Telephone: (305) 375-9220
Facsimile: (305) 375-8050

*/s/Brant C. Hadaway*

Michael Diaz, Jr.
Florida Bar No. 606774
E-mail: mdiaz@diazreus.com
Brant C. Hadaway
Florida Bar No. 494690
E-mail: bhadaway@diazreus.com
Xingjian Zhao
Florida Bar No. 86289
E-mail: xzhao@diazreus.com

*Counsel for Plaintiff*

– AND –

Michael W. Shore
Texas Bar No. 18294915
E-mail: mshore@shorechan.com
Alfonso G. Chan
Texas Bar No. 24012408
E-mail: achan@shorechan.com
Andrew M. Howard*
Texas Bar No. 24059973
E-mail: ahoward@shorechan.com
Dustin R. Lo
Texas Bar No. 24087937
E-mail: dlo@shorechan.com
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111
*\* pro hac vice granted*

*Of Counsel*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 17th day of December, 2014, I served the foregoing document on all counsel of record identified on the Service List below via email and U.S. mail.

*/s/ Andrew M. Howard*
Andrew M. Howard*
Texas Bar No. 24059973
E-mail: ahoward@shorechan.com

*Counsel for Plaintiff*

**Service List**

Janet T. Munn
Rasco Klock, et al.
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, FL 33134
jmunn@rascoklock.com

Richard L. Wynne, Jr.
Adrienne E. Dominguez
Thompson & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
Richard.wynne@tklaw.com
Adrienne.dominguez@tklaw.com