# EXHIBIT J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 14–22652–CIV–BLOOM/VALLE**

ROTHSCHILD STORAGE
RETRIEVAL INNOVATIONS, LLC,

    Plaintiff,

vs.

SONY MOBILE COMMUNICATIONS (USA) INC.

    Defendant.
_____/

**DEFENDANT SONY MOBILE COMMUNICATIONS (USA) INC.'S
OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT**

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Sony Mobile Communications (USA), Inc. ("Sony Mobile") serves the following Objections and Responses to Plaintiff's First Set of Requests for Production to Defendant.

**I.**

**GENERAL OBJECTIONS**

1.     Sony Mobile objects to these discovery requests to the extent that they call for information that is protected by the attorney-client or any other applicable privilege.

2.     Sony Mobile objects to these discovery requests to the extent that they call for information constituting or reflecting work product, including but not limited to, the thoughts or mental impressions of Sony Mobile's attorneys in connection with the preparation, prosecution, or defense of any claim by or against Sony Mobile, singularly or collectively, on the grounds of the work-product doctrine.

– 2 –

3. Sony Mobile objects to these discovery requests to the extent that they seek the disclosure of information that is not relevant to any claim or defense in this action, or is not reasonably likely to lead to the discovery of admissible evidence, under Rule 26(b)(l) of the Federal Rules of Civil Procedure and the local rules of the Southern District of Florida.

4. Sony Mobile's responses to these discovery requests do not constitute an admission or acknowledgement that the information sought is within the proper scope of discovery.

5. Sony Mobile's responses to these discovery requests are made without in any way waiving (a) the right to object on the grounds of competency, relevancy, materiality, privilege, or admissibility as evidence for any purpose in any subsequent proceeding or hearing in this action or any other action; and (b) the right to object on any grounds to other discovery requests involving or relating to the subject matter of these discovery requests.

6. Sony Mobile objects to the definitions of "ACCUSED DEVICES" and "ACCUSED PRODUCTS" because they are overly broad, vague and ambiguous and call for a legal conclusion.  Sony Mobile further objects to these definitions because they seek to impose an improper duty or burden of proof on Sony Mobile with respect to identification of allegedly infringing devices or articles.

7. Sony Mobile objects to the definition of "DATE" because it calls for speculation.

8. Sony Mobile objects to the definition of "DOCUMENT" because it is overly broad, unduly burdensome and vague and ambiguous.

9. Sony Mobile objects to the definitions of "IDENTIFY" in paragraphs 9-12 of the DEFINITIONS section because those definitions render the term overly broad, unduly burdensome and harassing and seek to impose a duty on Sony Mobile that is not required by the

– 3 –

Federal Rules of Civil Procedure or the Local Rules of the Southern District of Florida. Sony Mobile will answer in accordance with the Rules.

10. Sony Mobile objects to the definitions of "PERTAIN TO" and "PERTAINING TO" because those definitions render the terms overly broad, unduly burdensome and vague and ambiguous. Sony Mobile will answer in accordance with the generally accepted meanings of the terms.

11. Sony Mobile objects to the definition of "PRIOR ART" because it is are overly broad, vague and ambiguous and calls for a legal conclusion.

12. Sony Mobile objects to the definition of "SALES INFORMATION" because its incorporation of the terms ACCUSED PRODUCTS and ACCUSED DEVICES renders it overly broad, vague and ambiguous and calling for a legal conclusion.

13. Sony Mobile objects to the time period covered by the requests as described in paragraph 19 of the DEFINITIONS section because it is overly broad as to time and therefore would cover information that is not relevant to any matter at issue and is not reasonably calculated to lead to the discovery of admissible evidence.

14. Sony Mobile objects to Plaintiff's INSTRUCTIONS in their entirety, because they are overly broad, unduly burdensome and harassing and seek to impose duties on Sony Mobile that are not required by the Federal Rules of Civil Procedure or the Local Rules of the Southern District of Florida. Sony Mobile will object to and answer the interrogatories in accordance with the Rules.

15. Sony Mobile objects to these discovery requests to the extent that they seek information concerning events or acts occurring outside the United States.

16. Sony Mobile objects to these discovery requests to the extent that they enlarge upon or are otherwise inconsistent with the duties imposed by the Federal Rules of Civil Procedure or the Local Rules for the Southern District of Florida.

17. Sony Mobile objects to these discovery requests to the extent they purport to call for the production of documents or information that contain confidential, proprietary or trade secret information of Sony Mobile. No such documents or information will be provided, subject to the entry by the Court of a stipulated protective order in a form acceptable to Sony Mobile, or as ordered by the Court.

18. Sony Mobile objects to these discovery requests to the extent they purport to call for the production of documents or information held by Sony Mobile that is subject to an obligation of confidentiality toward a third party. No such documents or information will be provided, except with the permission of such third parties, and subject to the entry by the Court of a stipulated protective order in a form acceptable to Sony Mobile, or as ordered by the Court.

19. Sony Mobile reserves its right to supplement or otherwise alter its answers as more information becomes available and as its investigation regarding the issues in this case proceeds.

## II.
## **OBJECTIONS AND RESPONSES**

**REQUEST NO. 1:**

Produce all DOCUMENTS PERTAINING TO the '797 PATENT, including but not limited to any DOCUMENT referring to same; DOCUMENTS PERTAINING TO the investigation or evaluation of possible infringement by SONY of same; and/or the potential validity, invalidity, and/or enforceability of same, which includes among other things DOCUMENTS YOU contend constitute PRIOR ART.

**RESPONSE:**

Sony Mobile incorporates its General Objections as if set forth fully herein. Sony Mobile objects to this Request because it is overly broad and unduly burdensome and seeks documents that are not relevant to any matter in issue and is not reasonably calculated to lead to the discovery of admissible evidence. Sony Mobile further objects to this Request to the extent that it seeks documents that are protected from discovery by the attorney-client or work-product privileges. Sony Mobile further objects to this Request because it is premature, since Plaintiff did not identify the claims of the '797 Patent that it alleges are infringed by Sony Mobile's devices, or the specific manner in which the devices are alleged to have infringed the specified claims, until the day before these responses were due.

Subject to these objections and without waiving same, Sony Mobile will produce documents it contends are prior art to the '797 Patent.

**REQUEST NO. 2:**

Produce all source code, specifications, schematics, flow charts, artwork, formulas, or other DOCUMENTATION sufficient to show the operation of any aspects or elements of an ACCUSED PRODUCT and/or ACCUSED DEVICE.

**RESPONSE:**

Sony Mobile incorporates its General Objections as if set forth fully herein. Sony Mobile objects to this Request because it is overly broad and unduly burdensome and seeks documents that are not relevant to any matter in issue and is not reasonably calculated to lead to the discovery of admissible evidence. Sony Mobile further objects to this Request because it is

premature, since Plaintiff did not identify the claims of the '797 Patent that it alleges are infringed by Sony Mobile's devices, or the specific manner in which the devices are alleged to have infringed the specified claims, until the day before these responses were due. Sony Mobile also objects to this Request because the terms ACCUSED DEVICES and ACCUSED PRODUCTS are overly broad, vague and ambiguous and call for a legal conclusion. Sony Mobile further objects to this Request because the response would require the disclosure of technical information and details that constitute confidential, proprietary or trade secret information of Sony Mobile. No such information will be provided absent the entry by the Court of a stipulated protective order in a form acceptable to Sony Mobile, or as ordered by the Court.

Subject to these objections and without waiving same, Sony Mobile will produce publicly available technical information related to the Xperia Z3, Xperia Z3 Compact, Xperia Z2, Xperia Z1s, and Xperia TL devices.

**REQUEST NO. 3:**

Produce all DOCUMENTS supporting YOUR contention that YOU do not infringe the '797 PATENT.

**RESPONSE:**

Sony Mobile incorporates its General Objections as if set forth fully herein. Sony Mobile objects to this Request because it is overly broad and unduly burdensome and seeks documents that are not relevant to any matter in issue and is not reasonably calculated to lead to the discovery of admissible evidence. Sony Mobile further objects to this Request because it is premature, since Plaintiff did not identify the claims of the '797 Patent that it alleges are infringed by Sony Mobile's devices, or the specific manner in which the devices are alleged to have infringed the specified claims, until the day before these responses were due. Sony Mobile also objects to this Request because the terms ACCUSED DEVICES and ACCUSED PRODUCTS are overly broad, vague and ambiguous and call for a legal conclusion. Sony Mobile further objects to this Request because the response would require the disclosure of technical information and details that constitute confidential, proprietary or trade secret information of Sony Mobile. No such information will be provided absent the entry by the Court of a stipulated protective order in a form acceptable to Sony Mobile, or as ordered by the Court.

Subject to these objections and without waiving same, Sony Mobile will produce publicly available technical information related to the Xperia Z3, Xperia Z3 Compact, Xperia Z2, Xperia Z1s, and Xperia TL devices.

**REQUEST NO. 4:**

Produce all DOCUMENTS concerning a reasonable royalty under 35 U.S.C. § 284 for this case, including, but not limited to, any licenses or agreements relating to the ACCUSED PRODUCT and/or ACCUSED DEVICE, and any royalty rate SONY contends would be appropriate in this case.

**RESPONSE:**

Sony Mobile incorporates its General Objections as if set forth fully herein. Sony Mobile objects to this Request because it is overly broad and unduly burdensome, vague and ambiguous, and seeks documents that are not relevant to any matter in issue and is not reasonably calculated to lead to the discovery of admissible evidence. Sony Mobile further objects to this Request because it is premature, since Plaintiff did not identify the claims of the '797 Patent that it alleges are infringed by Sony Mobile's devices, or the specific manner in which the devices are alleged to have infringed the specified claims, until the day before these responses were due. It is also premature in that it seeks expert information, and the Court has set a date for expert disclosures. Sony Mobile further objects to this Request because the answer would require the disclosure of financial and other information that constitutes confidential, proprietary or trade secret information of Sony Mobile. No such information will be provided absent the entry by the Court of a stipulated protective order in a form acceptable to Sony Mobile, or as ordered by the Court.

**REQUEST NO. 5:**

Produce all DOCUMENTS PERTAINING TO YOUR SALES INFORMATION, including but not limited to any DOCUMENTS YOU filed with any United States federal and/or state government department and/or agency (e.g., Custom and Border Protection, Internal Revenue Service, comptroller for an individual state, a secretary of state, etc.), profit and loss statements, and/or other financial documentation.

**RESPONSE:**

Sony Mobile incorporates its General Objections as if set forth fully herein. Sony Mobile objects to this Request because it is overly broad and unduly burdensome and seeks documents that are not relevant to any matter in issue and is not reasonably calculated to lead to the discovery of admissible evidence. Sony Mobile also objects to this Request because the time period defined in paragraph 19 of the DEFINITIONS section renders the Interrogatory overly broad as to time and covers information that is not relevant to any matter at issue and is not

reasonably calculated to lead to the discovery of admissible evidence. Sony Mobile further objects to this Request because the answer would require the disclosure of financial information that constitutes confidential, proprietary or trade secret information of Sony Mobile. No such information will be provided absent the entry by the Court of a stipulated protective order in a form acceptable to Sony Mobile, or as ordered by the Court.

**REQUEST NO. 6:**

Produce all DOCUMENTS PERTAINING TO any business plans, competitive analyses, market analyses, projections (including profit projections), projected sales and/or other financial analyses, and/or other similar DOCUMENTS, whether focused on the past, present, and/or future markets for the ACCUSED DEVICES and/or ACCUSED PRODUCTS.

**RESPONSE:**

Sony Mobile incorporates its General Objections as if set forth fully herein. Sony Mobile objects to this Request because it is overly broad and unduly burdensome and seeks documents that are not relevant to any matter in issue and is not reasonably calculated to lead to the discovery of admissible evidence. Sony Mobile also objects to this Request because the terms ACCUSED DEVICES and ACCUSED PRODUCTS are overly broad, vague and ambiguous and call for a legal conclusion. Sony Mobile also objects to this Request because the time period defined in paragraph 19 of the DEFINITIONS section renders the Interrogatory overly broad as to time and covers information that is not relevant to any matter at issue and is not reasonably calculated to lead to the discovery of admissible evidence. Sony Mobile further objects to this Request because the answer would require the disclosure of financial and other information that constitutes confidential, proprietary or trade secret information of Sony Mobile. No such information will be provided absent the entry by the Court of a stipulated protective order in a form acceptable to Sony Mobile, or as ordered by the Court.

**REQUEST NO. 7:**

Produce all DOCUMENTS that forecast, estimate, or report the total gross revenues, net revenues, profit margins, and earnings before interest and taxes realized for the sale of YOUR ACCUSED DEVICES and/or ACCUSED PRODUCTS.

**RESPONSE:**

Sony Mobile incorporates its General Objections as if set forth fully herein. Sony Mobile objects to this Request because it is overly broad and unduly burdensome and seeks documents

that are not relevant to any matter in issue and is not reasonably calculated to lead to the discovery of admissible evidence. Sony Mobile also objects to this Request because the terms ACCUSED DEVICES and ACCUSED PRODUCTS are overly broad, vague and ambiguous and call for a legal conclusion. Sony Mobile also objects to this Request because the time period defined in paragraph 19 of the DEFINITIONS section renders the Interrogatory overly broad as to time and covers information that is not relevant to any matter at issue and is not reasonably calculated to lead to the discovery of admissible evidence. Sony Mobile further objects to this Request because the answer would require the disclosure of financial and other information that constitutes confidential, proprietary or trade secret information of Sony Mobile. No such information will be provided absent the entry by the Court of a stipulated protective order in a form acceptable to Sony Mobile, or as ordered by the Court.

**REQUEST NO. 8:**

Any DOCUMENTS or COMMUNICATIONS PERTAINING TO image sorting or image indexing according to location, Global Positioning System information, or other specified criteria, including but not limited to subsequent or contemporaneous transmittal of images to any specified recipient(s) or web server(s) based on such sorting or indexing.

**RESPONSE:**

Sony Mobile incorporates its General Objections as if set forth fully herein. Sony Mobile objects to this Request because it is overly broad and unduly burdensome and seeks documents that are not relevant to any matter in issue and is not reasonably calculated to lead to the discovery of admissible evidence. Sony Mobile further objects to this Request because it is premature, since Plaintiff did not identify the claims of the '797 Patent that it alleges are infringed by Sony Mobile's devices, or the specific manner in which the devices are alleged to have infringed the specified claims, until the day before these responses were due. Sony Mobile also objects to this Request because the terms ACCUSED DEVICES and ACCUSED PRODUCTS are overly broad, vague and ambiguous and call for a legal conclusion. Sony Mobile further objects to this Request because the response would require the disclosure of technical information and details that constitute confidential, proprietary or trade secret information of Sony Mobile. No such information will be provided absent the entry by the Court of a stipulated protective order in a form acceptable to Sony Mobile, or as ordered by the Court.

Subject to these objections and without waiving same, Sony Mobile will produce publicly available technical information related to the Xperia Z3, Xperia Z3 Compact, Xperia Z2, Xperia Z1s, and Xperia TL devices.

Dated December 18, 2014

          Respectfully submitted,

          /s/ Richard L. Wynne, Jr.
Janet T. Munn, Esq., Fla. Bar No. 501281
Email: jmunn@rascoklock.com
RASCO KLOCK, ET AL.
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, Florida 33134
Telephone:  305.476.7101
Telecopy:  305.476.7102

AND

Richard L. Wynne, Jr., Esq. (*Pro Hac Vice*)
Email: richard.wynne@tklaw.com
Adrienne E. Dominguez, Esq. (*Pro Hac Vice*)
Email: adrienne.dominguez@tklaw.com
THOMPSON & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: 214.969.1700
Telecopy: 214.969.1751

ATTORNEYS FOR DEFENDANT
SONY MOBILE COMMUNICATIONS (USA) INC.

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document was served on December 18, 2014, on the following by email and U.S. mail.

    Andrew M. Howard
    Shore Chan DePumpo LLP
    Bank of America Plaza
    901 Main Street, Suite 3300
    Dallas, Texas 75202

          By: s/ Richard L. Wynne, Jr.
              Richard L. Wynne, Jr.

508322 000014 11988891.1