# EXHIBIT L

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 14-22652-CIV-BLOOM/VALLE**

ROTHSCHILD STORAGE
RETRIEVAL INNOVATIONS, LLC,

        Plaintiff,

vs.

SONY MOBILE COMMUNICATIONS (USA) INC.,

        Defendant.
_____

## **FIRST AMENDED SET OF INTERROGATORIES TO DEFENDANT**

**TO:** Defendant Sony Mobile Communications (USA) Inc., by and through their attorney of record, Richard Wynne, Jr., 1722 Routh Street, Suite 1500, Dallas, Texas 75201.

Plaintiff Rothschild Storage Retrieval Innovations, LLC ("Plaintiff" or "RSRI") propounds the following interrogatories upon Defendant Sony Mobile Communications (USA) Inc. ("SONY") and requests that they be answered separately, fully and under oath within thirty (30) days of service pursuant to Federal Rule of Civil Procedure 33 and Local Rule 26.1(g).

## **DEFINITIONS**

1.      The term "'797 PATENT" means U.S. Patent No. 8,437,797.

2.      The term "ACCUSED DEVICES" refers to all accused devices identified in Plaintiff Rothschild Storage Retrieval Innovations, LLC's Complaint and any amendments or supplements thereto such as Defendant's Android devices, including but not limited to the Sony Xperia Z3 LTE, Xperia Z3 Compact, Xperia Z3, Xperia T3, Xperia M dual, Xperia M2, Xperia M2 LTE, Xperia M2 Dual, Xperia Z1 Compact, Xperia Z1 LTE, Xperia Z1S, Xperia TL, Xperia acro S, Xperia L, Xperia Z 4G LTE, Xperia P, Xperia ZR, Xperia E dual, Xperia SP, Xperia Z –

1

unlocked, Xperia Advance, and Xperia ZL. In addition, the term "ACCUSED DEVICES" refers to any instrumentality, device, product, or product family that performs substantially the same infringing functions as the specifically identified devices accused of infringement in substantially the same way as is described in one or more claims of the patent-in-suit to achieve the same result.

3.     The term "ACCUSED PRODUCTS" refers to all versions of any product or product family that incorporates the infringing functionality of an ACCUSED DEVICE in its design and/or operation.

4.     The term "ACTION" shall mean the case entitled Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Communications (USA) Inc., Case No. 14-22652-CIV-BLOOM/VALLE, pending in the United States District Court for the Southern District of Florida, including any case into which the ACTION is consolidated or transferred.

5.     "AGENT" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another or subject to the control of another.

6.     The terms "COMMUNICATED" or "COMMUNICATION(S)" mean any transmission of information between or among two or more persons, by written, oral or any other means.

7.     "DATE" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

8.     The word "DOCUMENT" shall mean any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects

listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings.

9.     The term "IDENTIFY," when used in reference to <u>a DOCUMENT</u> (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including:

    a.  the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet);

    b.  the general subject matter of the document or electronically stored information;

    c.  the date of the document or electronically stored information;

    d.  the author of the document or electronically stored information;

    e.  the addressee of the document or electronically stored information; and

    f.  the relationship of the author and addressee to each other.

10.     The term "IDENTIFY," when applicable to <u>a COMMUNICATION</u>, shall mean to provide at least the following information:

    a.  the date and time of the communication;

    b.  the place of the communication;

    c.  the manner of the communication;

    d.  the substance of the communication;

    e.  the names of all persons who participated in, listened to, or had access to transcripts or summaries of the communication; and

    f.  the identity of all documents that memorialize, commemorate, summarize, record, refer to, or evidence the communications, in whole or in part.

11.     The terms "IDENTIFY" and "IDENTITY," when applicable to <u>a natural person</u>, shall mean to provide at least the following information:

       a.  the person's full name;

       b.  any nickname or alias;

       c.  the person's nationality based upon citizenship;

       d.  the person's last known residential address;

       e.  the IDENTITY of the person's last known employer; and

       f.  the person's last known position or title of employment.

12.     The terms "IDENTIFY" and "IDENTITY," when applicable to <u>an entity other than a natural person</u>, shall mean to provide at least the following information:

       a.  the entity's full name;

       b.  the form of the entity (partnership, joint venture, limited liability company, corporation, etc.)

       c.  the state's or country's laws under which it is organized or formed,

       d.  the IDENTITY of its parent corporation or any other entity that owns a majority of its shares or other ownership units;

       e.  the last known address of the entity's principal place of business; and

       f.  the IDENTITY of its registered agent for service of process.

13.     "PERSON" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

14.     The words "PERTAIN TO" or "PERTAINING TO" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

4

15.     The term "PRIOR ART" shall refer to all publications, patents, physical devices, prototypes, products, knowledge, uses, sales, offers for sale, or other information or activity relating to the allegedly infringed subject matter of the '797 PATENT, existing on or occurring at a date such as to be deemed relevant under any subdivision of 35 U.S.C. §§ 102 or 103, Pre-AIA.

16.     The term "SALES INFORMATION" shall refer to information evidencing or depicting YOUR gross monthly sales, net monthly revenues, and/or associated monthly profits attributable to the sales of ACCUSED PRODUCTS and/or ACCUSED DEVICES, which YOU manufactured, tested, packaged, distributed, delivered, imported, exported, and/or sold as broken down by product type (*e.g.*, product number).

17.     The terms "YOU," "YOURS" and/or "YOURSELVES" means Defendant Sony Mobile Communications (USA) Inc., and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf of Sony Mobile Communications (USA) Inc..

18.     The terms "ALL" and "EACH" shall be construed to mean 'each and every'.

19.     Generally, the requests for SALES INFORMATION cover the period of time from May 7, 2013 through the present. If, however, a request relates to a particular event, series of events or ACCUSED DEVICES or ACCUSED PRODUCTS, then the applicable period of time shall be construed to include any time period in which that event or series of events occurred or in which ACCUSED DEVICES or ACCUSED PRODUCTS were conceived and developed through the present.

20.     The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation."

21.     Whenever the masculine gender is used herein, it should be taken to include the feminine gender where appropriate so as to be all-inclusive.

## II.   <u>INSTRUCTIONS</u>

In addition to the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Southern District of Florida, and any governing case law, please respond in accordance with the following instructions:

1.   If YOU object to fully identifying a document, electronically stored information or oral communication because of a privilege, YOU must nevertheless provide the following information pursuant to Local Rule 26.1(g)(3)(B)(ii), unless divulging the information would disclose the privileged information:

   a.   the nature of the privilege claimed (including work product);

   b.   if the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

   c.   the date of the document, electronically stored information or oral communication;

   d.   if a document: its type (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet), and the custodian, location, and such other information sufficient to identify the material for a subpoena duces tecum or a production request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

   e.   if an oral communication: the place where it was made, the names of the persons present while it was made, and if not apparent, the relationship of the persons present to the declarant; and

   f.   the general subject matter of the document, electronically stored information or oral communication.

2.   To the extent an interrogatory is not objected to, each interrogatory shall be answered separately and fully in writing under oath.

3.   Any grounds asserted for objecting to an interrogatory shall be stated with specificity.

4.      If YOU object to an interrogatory or any portion thereof on the ground that it calls for information protected by a privilege or the work product doctrine, YOU shall provide a full response that includes all responsive, non-privileged information, and then provide for each such interrogatory the information relating to the withheld information according to Instruction no. 1.

5.      If YOU object to any portion of any interrogatory, respond fully to the portions to which YOUR objection does not apply. In addition:

a.  If YOU object to an interrogatory on the ground that it is too broad, YOU should respond to the interrogatory by providing all information that is relevant or reasonably calculated to the discovery of admissible evidence and identity how YOU have narrowly interpreted the interrogatory in order to provide a response;

b.  If YOU object to an interrogatory on the ground that to respond would constitute an undue burden, respond as fully as possible without undertaking an undue burden;

c.  If YOU object to any portion of an interrogatory on the ground that it is vague or indefinite, then set forth YOUR understanding of the allegedly vague or indefinite term and fully answer the interrogatory based upon YOUR stated understanding of the term in question.

6.      If YOU are unable to answer any of the following interrogatories fully and completely, after exercising due diligence to secure the information necessary to make full and complete answers, so state. When answering each such interrogatory to the fullest extent possible, specify YOUR knowledge and YOUR inability to answer the remainder, and provide any information YOU may have related to the unanswered portions of the interrogatory.

7.      YOU are under a continuous obligation to supplement YOUR answers to these interrogatories under the circumstances specified in Federal Rule of Civil Procedure 26(e).

8.      None of the definitions or interrogatories set forth herein shall be construed as an admission relating to the existence of any evidence, to the relevance or admissibility of any evidence, or to the truth or accuracy of any statement or characterization made in the interrogatory.

8

### III.   AMENDED FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY each item of PRIOR ART that allegedly anticipates or renders any claim of the '797 PATENT obvious. Each PRIOR ART patent shall be identified by its number, country of origin, and date of issue. Each PRIOR ART publication must be identified by its title, date of publication, and author and publisher. PRIOR ART under 35 U.S.C. § 102(b), Pre-AIA, shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the PERSON which made the use or which made and received the offer, or the PERSON which made the information known or to whom it was made known. PRIOR ART under 35 U.S.C. § 102(f), Pre-AIA, shall be identified by providing the name of the PERSON(S) from whom and the circumstances under which the invention or any part of it was derived. PRIOR ART under 35 U.S.C. § 102(g), Pre-AIA, shall be identified by providing the identities of the PERSON(S) involved in and the circumstances surrounding the making of the invention before the patent applicant(s).

**RESPONSE:**


**INTERROGATORY NO. 2:**

For each PRIOR ART identified in interrogatory no. 1, IDENTIFY where specifically in each alleged item of PRIOR ART each element of each allegedly invalidated claim of the '797 PATENT is found.

**RESPONSE:**

**INTERROGATORY NO. 3:**

IDENTIFY all DOCUMENTS and COMMUNICATIONS YOU have had with any authors or inventors of a work that YOU contend is PRIOR ART to the '797 PATENT, including the IDENTITY of each PERSON and/or AGENT involved in each such COMMUNICATION, the DATE of each such COMMUNICATION, the subject matter of each such COMMUNICATION, the IDENTITY of any resulting agreements entered into (whether formal or informal) between YOU and any such PERSON and/or AGENT, and the IDENTITY of any DOCUMENTS discussed during each such COMMUNICATION.

**RESPONSE:**


**INTERROGATORY NO. 4:**

Describe in detail each alleged infringing element of the '797 PATENT that SONY contends is not found in the ACCUSED PRODUCTS or ACCUSED DEVICES.

**RESPONSE:**


**INTERROGATORY NO. 5:**

Describe in detail YOUR SALES INFORMATION for each of the ACCUSED PRODUCTS and/or ACCUSED DEVICES.

**RESPONSE:**


**INTERROGATORY NO. 6:**

IDENTIFY PERSONS with relevant knowledge of each of YOUR sales, offers to sell, efforts to sell, importation, offers to import, efforts to import, exportation, offers to export and/or efforts to export any of the ACCUSED PRODUCTS and/or ACCUSED DEVICES in, into, or from the United States.

**RESPONSE:**

**INTERROGATORY NO. 7:**

Please provide the name, address, telephone number, place of employment and job title of any PERSON who has, claims to have or whom you believe may have knowledge or information PERTAINING TO any fact alleged in the pleadings (as defined in Federal Rule of Civil Procedure 7(a)) filed in this ACTION, or any fact underlying the subject matter of this ACTION.

**RESPONSE:**


**INTERROGATORY NO. 8:**

Please state the specific nature and substance of the knowledge that YOU believe the PERSON(S) identified in your response to interrogatory no. 7 may have.

**RESPONSE:**


**INTERROGATORY NO. 9:**

Please IDENTIFY all PERSONS, including engineers and/or designers, having knowledge PERTAINING TO the infringing functionalities of the ACCUSED PRODUCTS and/or ACCUSED DEVICES.

**RESPONSE:**

11

Dated: December 31, 2014

Respectfully submitted,

DIAZ REUS & TARG, LLP
100 Southeast Second Street
3400 Miami Tower
Miami, Florida 33131
Telephone: (305) 375-9220
Facsimile: (305) 375-8050

*/s/ Andrew Howard*

Michael Diaz, Jr.
Florida Bar No. 606774
E-mail: mdiaz@diazreus.com
Brant C. Hadaway
Florida Bar No. 494690
E-mail: bhadaway@diazreus.com
Xingjian Zhao
Florida Bar No. 86289
E-mail: xzhao@diazreus.com

*Counsel for Plaintiff*

– AND –

Andrew M. Howard*
Texas Bar No. 24059973
E-mail: ahoward@shorechan.com

SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111

*Admitted Pro Hac Vice
Of Counsel

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 31st day of December, 2014, I served the foregoing

document on all counsel of record identified on the Service List below via email.


Janet T. Munn                                       *Via Email*
RASCO KOCK, ET AL.
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, Florida 33134
jmunn@rascoklock.com

Richard L. Wynne, Jr.                               *Via Email*
Adrienne E. Dominguez
Thompson & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
richard.wynne@tklaw.com
adrienne.dominguez@tklaw.com


                                        */s/ Andrew M. Howard*
                                        _____
                                        Andrew M. Howard