# EXHIBIT N

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14–22652–CIV–BLOOM/VALLE

ROTHSCHILD STORAGE
RETRIEVAL INNOVATIONS, LLC,

    Plaintiff,

vs.

SONY MOBILE COMMUNICATIONS (USA) INC.

    Defendant.
_____/

**DEFENDANT SONY MOBILE COMMUNICATIONS (USA) INC.'S
OBJECTIONS AND ANSWERS TO PLAINTIFF'S
FIRST AMENDED SET OF INTERROGATORIES TO DEFENDANT**

In accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Sony Mobile Communications (USA), Inc. ("Sony Mobile") serves the following Objections and Answers to Plaintiff's First Amended Set of Interrogatories to Defendant.

**I.**

**GENERAL OBJECTIONS**

1.    Sony Mobile's answers to these discovery requests do not constitute an admission or acknowledgement that the information sought is within the proper scope of discovery.

2.    Sony Mobile's answers to these discovery requests are made without in any way waiving (a) the right to object on the grounds of competency, relevancy, materiality, privilege, or admissibility as evidence for any purpose in any subsequent proceeding or hearing in this action or any other action; and (b) the right to object on any grounds to other discovery requests involving or relating to the subject matter of these discovery requests.

3. Sony Mobile objects to the definitions of "ACCUSED DEVICES" and "ACCUSED PRODUCTS" because they are overly broad, vague and ambiguous and call for a legal conclusion. In particular, Sony Mobile objects to the definitions because they are circular in that they refer to "infringing functions" or "infringing functionality" as being within the scope of the accused devices or products, and yet Sony Mobile denies that any of its products infringe the '797 Patent. Plaintiff bears the burden of proof on infringement, and thus, Sony Mobile further objects to these definitions because they seek to impose an improper duty or burden of proof on Sony Mobile with respect to identification of allegedly infringing devices or articles. Sony Mobile will answer with respect only to the specific devices enumerated by Plaintiff: the Xperia Z3 LTE, Xperia Z3 Compact, Xperia Z3, Xperia T3, Xperia M dual, Xperia M2, Xperia M2 LTE, Xperia M2 Dual, Xperia Z1 Compact, Xperia Z1 LTE, Xperia Z1S, Xperia TL, Xperia acro S, Xperia L, Xperia Z 4G LTE, Xperia P, Xperia ZR, Xperia E dual, Xperia SP, Xperia Z – unlocked, Xperia Advance, and Xperia ZL devices.

4. Sony Mobile objects to the definitions of "IDENTIFY" in paragraphs 10-12 of the DEFINITIONS section because those definitions render the term overly broad, unduly burdensome and harassing and seek to impose a duty on Sony Mobile to provide information that is not within Sony Mobile's possession, custody, or control.

5. Sony Mobile objects to the definition of "SALES INFORMATION" because its incorporation of the terms ACCUSED PRODUCTS and ACCUSED DEVICES renders it overly broad, vague and ambiguous and calling for a legal conclusion. Sony Mobile further objects to the definition because it is not limited to the United States.

6. Sony Mobile objects to the time period covered by the interrogatories as described in paragraph 19 of the DEFINITIONS section as applied to "SALES INFORMATION" because

it is overly broad as to time and therefore would cover information that is not relevant to any matter at issue and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has accused the Google+ Stories functionality, which Google did not release until May 2014, and thus, Sony Mobile will provide "SALES INFORMATION" and any other documents or information related to sales, revenue, forecasts or other data relating to financial or business analyses since May 2014 only.

7. Sony Mobile objects to these discovery requests to the extent that they seek information concerning events or acts occurring outside the United States.

8. Sony Mobile reserves its right to supplement or otherwise alter its answers as more information becomes available and as its investigation regarding the issues in this case proceeds.

II.

**OBJECTIONS AND ANSWERS**

**INTERROGATORY NO. 1:**

IDENTIFY each item of PRIOR ART that allegedly anticipates or renders any claim of the '797 PATENT obvious. Each PRIOR ART patent shall be identified by its number, country of origin, and date of issue. Each PRIOR ART publication must be identified by its title, date of publication, and author and publisher. PRIOR ART under 35 U.S.C. § 102(b), Pre-AIA, shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the PERSON which made the use or which made and received the offer, or the PERSON which made the information known or to whom it was made known. PRIOR ART under 35 U.S.C. § 102(f), Pre-AIA, shall be identified by providing the name of the PERSON(S) from whom and the circumstances under which the invention or any part of it was derived. PRIOR ART under 35 U.S.C. § 102(g), Pre-AIA, shall be identified by providing the identities of the PERSON(S) involved in and the circumstances surrounding the making of the invention before the patent applicant(s).

**ANSWER:**

Sony Mobile objects to the definitions of "IDENTIFY" in paragraphs 10-12 of the DEFINITIONS section because those definitions render the term overly broad, unduly burdensome and harassing and seek to impose a duty on Sony Mobile to provide information that is not within Sony Mobile's possession, custody, or control.

For further answer, Sony Mobile directs Plaintiff to the documents produced in response to Request for Production No. 1. Documents describing the development of actual products or systems, such as documents authored/invented by Marc Davis, Risto Sarvas, and Philippe Kahn, evidence prior invention under 35 USC § 102(g) in addition to the documents' qualification as prior art under 35 U.S.C. § 102(a), (b), and/or (e). Sony Mobile specifically refers Plaintiff to documents numbered SMC000923–1725, SMC001728–1889.

**INTERROGATORY NO. 2:**

For each PRIOR ART identified in interrogatory no. 1, IDENTIFY where specifically in each alleged item of PRIOR ART each element of each allegedly invalidated claim of the '797 PATENT is found.

**ANSWER:**

Sony Mobile objects to the definitions of "IDENTIFY" in paragraphs 10-12 of the DEFINITIONS section because those definitions render the term overly broad, unduly burdensome and harassing and seek to impose a duty on Sony Mobile to provide information that is not within Sony Mobile's possession, custody, or control.

For further answer, Sony Mobile refers Plaintiff to Exhibit A to these answers.

**INTERROGATORY NO. 3:**

IDENTIFY all DOCUMENTS and COMMUNICATIONS YOU have had with any authors or inventors of a work that YOU contend is PRIOR ART to the '797 PATENT, including the IDENTITY of each PERSON and/or AGENT involved in each such COMMUNICATION, the DATE of each such COMMUNICATION, the subject matter of each such COMMUNICATION, the IDENTITY of any resulting agreements entered into (whether formal or informal) between YOU and any such PERSON and/or AGENT, and the IDENTITY of any DOCUMENTS discussed during each such COMMUNICATION.

**ANSWER:**

Sony Mobile objects to the definitions of "IDENTIFY" in paragraphs 10-12 of the DEFINITIONS section with respect to a "COMMUNICATION" because those definitions render the term overly broad, unduly burdensome and harassing and seek to impose a duty on Sony Mobile to provide information that is not within Sony Mobile's possession, custody, or control.

For further answer, none.

**INTERROGATORY NO. 4:**

Describe in detail each alleged infringing element of the '797 PATENT that SONY contends is not found in the ACCUSED PRODUCTS or ACCUSED DEVICES.

**ANSWER:**

Sony Mobile objects to the definitions of "ACCUSED DEVICES" and "ACCUSED PRODUCTS" because they are overly broad, vague and ambiguous and call for a legal conclusion. In particular, Sony Mobile objects to the definitions because they are circular in that they refer to "infringing functions" or "infringing functionality" as being within the scope of the accused devices or products, and yet Sony Mobile denies that any of its products infringe the '797 Patent. Plaintiff bears the burden of proof on infringement, and thus, Sony Mobile further objects to these definitions because they seek to impose an improper duty or burden of proof on Sony Mobile with respect to identification of allegedly infringing devices or articles. Sony Mobile will answer with respect only to the specific devices enumerated by Plaintiff: the Xperia Z3 LTE, Xperia Z3 Compact, Xperia Z3, Xperia T3, Xperia M dual, Xperia M2, Xperia M2 LTE, Xperia M2 Dual, Xperia Z1 Compact, Xperia Z1 LTE, Xperia Z1S, Xperia TL, Xperia acro S, Xperia L, Xperia Z 4G LTE, Xperia P, Xperia ZR, Xperia E dual, Xperia SP, Xperia Z – unlocked, Xperia Advance, and Xperia ZL devices.

For further answer, Sony Mobile states that at least the following elements of the claims asserted by Plaintiff, when properly construed, are not present in the Sony Mobile products that are specifically enumerated in Plaintiff's interrogatories:

**Claim 1:**

"a processor operably connected to the wireless receiver and the wireless transmitter, wherein the processor is configured to initiate and/or perform . . . filtering the plurality of photographic images using a transfer criteria";

"a processor operably connected to the wireless receiver and the wireless transmitter, wherein the processor is configured to initiate and/or perform . . . transmitting, via the wireless transmitter and to a second mobile device, the filtered plurality of photographic images"; and

"the transfer criteria is a geographic location of the image-capturing mobile device".

**Claim 5:**

"a processor operably connected to the wireless receiver and the wireless transmitter, wherein the processor is configured to initiate and/or perform . . . filtering the plurality of photographic images using a transfer criteria";

"a processor operably connected to the wireless receiver and the wireless transmitter, wherein the processor is configured to initiate and/or perform . . . transmitting, via the wireless transmitter and to a second mobile device, the filtered plurality of photographic images"; and

"the transfer criteria is a geographic location associated with a respective photographic image within the plurality of photographic images".

**Claim 8:**

"a processor operably connected to the wireless receiver and the wireless transmitter, wherein the processor is configured to initiate and/or perform . . . filtering the plurality of photographic images using a transfer criteria";

"a processor operably connected to the wireless receiver and the wireless transmitter, wherein the processor is configured to initiate and/or perform . . . transmitting, via the wireless transmitter and to a second mobile device, the filtered plurality of photographic images"; and

"the image-capturing mobile device and the second mobile device are disposed in a selectively paired relationship with one another based upon an affinity group associated with the second mobile device".

**Claim 9:**

"a method performed by an image-capturing mobile device, comprising . . . filtering the plurality of photographic images using a transfer criteria";

"a method performed by an image-capturing mobile device comprising . . . transmitting, via a wireless transmitter and to a second image capturing device, the filtered plurality of photographic images"

"filtering the plurality of photographic images using a transfer criteria";

"transmitting, via a wireless transmitter and to a second image capturing device, the filtered plurality of photographic images"; and

"wherein the transfer criteria is a geographic location of the image-capturing mobile device".

**Claim 13:**

"a method performed by an image-capturing mobile device, comprising . . . filtering the plurality of photographic images using a transfer criteria";

"a method performed by an image-capturing mobile device comprising . . . transmitting, via a wireless transmitter and to a second image capturing device, the filtered plurality of photographic images"

"filtering the plurality of photographic images using a transfer criteria";

"transmitting, via a wireless transmitter and to a second image capturing device, the filtered plurality of photographic images"; and

"wherein the transfer criteria is a geographic location associated with a respective photographic image with the plurality of photographic images".

**Claim 16:**

"a method performed by an image-capturing mobile device, comprising . . . filtering the plurality of photographic images using a transfer criteria";

"a method performed by an image-capturing mobile device comprising . . . transmitting, via a wireless transmitter and to a second image capturing device, the filtered plurality of photographic images"

"filtering the plurality of photographic images using a transfer criteria";

"transmitting, via a wireless transmitter and to a second image capturing device, the filtered plurality of photographic images"; and

"wherein the image-capturing mobile device and the second mobile device are disposed in a selectively paired relationship with one another based upon an affinity group associated with the second mobile device".


**INTERROGATORY NO. 5:**

Describe in detail YOUR SALES INFORMATION for each of the ACCUSED PRODUCTS and/or ACCUSED DEVICES.

**ANSWER:**

Sony Mobile objects to the definitions of "ACCUSED DEVICES" and "ACCUSED PRODUCTS" because they are overly broad, vague and ambiguous and call for a legal conclusion. In particular, Sony Mobile objects to the definitions because they are circular in that they refer to "infringing functions" or "infringing functionality" as being within the scope of the accused devices or products, and yet Sony Mobile denies that any of its products infringe the '797 Patent. Plaintiff bears the burden of proof on infringement, and thus, Sony Mobile further objects to these definitions because they seek to impose an improper duty or burden of proof on Sony Mobile with respect to identification of allegedly infringing devices or articles. Sony Mobile will answer with respect only to the specific devices enumerated by Plaintiff: the Xperia Z3 LTE, Xperia Z3 Compact, Xperia Z3, Xperia T3, Xperia M dual, Xperia M2, Xperia M2

LTE, Xperia M2 Dual, Xperia Z1 Compact, Xperia Z1 LTE, Xperia Z1S, Xperia TL, Xperia acro S, Xperia L, Xperia Z 4G LTE, Xperia P, Xperia ZR, Xperia E dual, Xperia SP, Xperia Z – unlocked, Xperia Advance, and Xperia ZL devices.

Sony Mobile objects to the definition of "SALES INFORMATION" because its incorporation of the terms ACCUSED PRODUCTS and ACCUSED DEVICES renders it overly broad, vague and ambiguous and calling for a legal conclusion.  Sony Mobile further objects to the definition because it is not limited to the United States.

Sony Mobile objects to the time period covered by the interrogatories as described in paragraph 19 of the DEFINITIONS section as applied to "SALES INFORMATION" because it is overly broad as to time and therefore would cover information that is not relevant to any matter at issue and is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff has accused the Google+ Stories functionality, which Google did not release until May 2014, and thus, Sony Mobile will provide "SALES INFORMATION" and any other documents or information related to sales, revenue, forecasts or other data relating to financial or business analyses since May 2014 only.

Sony Mobile further objects to this Interrogatory because a complete answer would require the disclosure of financial information that constitutes confidential, proprietary or trade secret information of Sony Mobile.  No such information will be provided absent the entry by the Court of a stipulated protective order in a form acceptable to Sony Mobile, or as ordered by the Court.

For further answer, Sony Mobile states that it does not maintain full profit/loss or other financial statements for United States sales at a product level.  Sony Mobile maintains a transaction database using the SAP system from which net sales/revenue, costs and margins can be extracted.  Such information will not provide data related to overhead, research and development or other allocations.

**INTERROGATORY NO. 6:**

IDENTIFY PERSONS with relevant knowledge of each of YOUR sales, offers to sell, efforts to sell, importation, offers to import, efforts to import, exportation, offers to export and/or efforts to export any of the ACCUSED PRODUCTS and/or ACCUSED DEVICES in, into, or from the United States.

**ANSWER:**

Sony Mobile objects to the definitions of "IDENTIFY" in paragraphs 10-12 of the DEFINITIONS section with respect to a person because those definitions render the term overly

broad, unduly burdensome and harassing and seek to impose a duty on Sony Mobile to provide information that is not within Sony Mobile's possession, custody, or control.

Sony Mobile objects to the definitions of "ACCUSED DEVICES" and "ACCUSED PRODUCTS" because they are overly broad, vague and ambiguous and call for a legal conclusion. In particular, Sony Mobile objects to the definitions because they are circular in that they refer to "infringing functions" or "infringing functionality" as being within the scope of the accused devices or products, and yet Sony Mobile denies that any of its products infringe the '797 Patent. Plaintiff bears the burden of proof on infringement, and thus, Sony Mobile further objects to these definitions because they seek to impose an improper duty or burden of proof on Sony Mobile with respect to identification of allegedly infringing devices or articles.  Sony Mobile will answer with respect only to the specific devices enumerated by Plaintiff: the Xperia Z3 LTE, Xperia Z3 Compact, Xperia Z3, Xperia T3, Xperia M dual, Xperia M2, Xperia M2 LTE, Xperia M2 Dual, Xperia Z1 Compact, Xperia Z1 LTE, Xperia Z1S, Xperia TL, Xperia acro S, Xperia L, Xperia Z 4G LTE, Xperia P, Xperia ZR, Xperia E dual, Xperia SP, Xperia Z – unlocked, Xperia Advance, and Xperia ZL devices.

Sony Mobile objects to the time period covered by the interrogatories as described in paragraph 19 of the DEFINITIONS section as applied to "SALES INFORMATION" because it is overly broad as to time and therefore would cover information that is not relevant to any matter at issue and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has accused the Google+ Stories functionality, which Google did not release until May 2014, and thus, Sony Mobile will provide "SALES INFORMATION" and any other documents or information related to sales, revenue, forecasts or other data relating to financial or business analyses since May 2014 only.

For further answer, Sony Mobile identifies Francisco Lazardi, Senior Manager – Business Control & Planning, as having knowledge of the sales of the Xperia Z3 LTE, Xperia Z3 Compact, Xperia Z3, Xperia T3, Xperia M dual, Xperia M2, Xperia M2 LTE, Xperia M2 Dual, Xperia Z1 Compact, Xperia Z1 LTE, Xperia Z1S, Xperia TL, Xperia acro S, Xperia L, Xperia Z 4G LTE, Xperia P, Xperia ZR, Xperia E dual, Xperia SP, Xperia Z – unlocked, Xperia Advance, and Xperia ZL devices.  Mr. Lazardi may be contacted through counsel.  For further response, Sony Mobile directs Plaintiff to SMC001726 – SMC001727.

**INTERROGATORY NO. 7:**

Please provide the name, address, telephone number, place of employment and job title of any PERSON who has, claims to have or whom you believe may have knowledge or information PERTAINING TO any fact alleged in the pleadings (as defined in Federal Rule of Civil Procedure 7(a)) filed in this ACTION, or any fact underlying the subject matter of this ACTION.

**ANSWER:**

For its answer, Sony Mobile refers Plaintiff to the Initial Disclosures of Sony Mobile Communications (USA) Inc., and to any supplements or amendments thereto.

**INTERROGATORY NO. 8:**

Please state the specific nature and substance of the knowledge that YOU believe the PERSON(S) identified in your response to interrogatory no. 7 may have.

**ANSWER:**

For its answer, Sony Mobile refers Plaintiff to the Initial Disclosures of Sony Mobile Communications (USA) Inc., and to any supplements or amendments thereto.

**INTERROGATORY NO. 9:**

Please IDENTIFY all PERSONS, including engineers and/or designers, having knowledge PERTAINING TO the infringing functionalities of the ACCUSED PRODUCTS and/or ACCUSED DEVICES.

**ANSWER:**

Sony Mobile objects to the definitions of "IDENTIFY" in paragraphs 10-12 of the DEFINITIONS section with respect to a person because those definitions render the term overly broad, unduly burdensome and harassing and seek to impose a duty on Sony Mobile to provide information that is not within Sony Mobile's possession, custody, or control.

Sony Mobile objects to the definitions of "ACCUSED DEVICES" and "ACCUSED PRODUCTS" because they are overly broad, vague and ambiguous and call for a legal conclusion. In particular, Sony Mobile objects to the definitions because they are circular in that they refer to "infringing functions" or "infringing functionality" as being within the scope of the accused devices or products, and yet Sony Mobile denies that any of its products infringe the '797 Patent. Plaintiff bears the burden of proof on infringement, and thus, Sony Mobile further objects to these definitions because they seek to impose an improper duty or burden of proof on Sony Mobile with respect to identification of allegedly infringing devices or articles. Sony Mobile will answer with respect only to the specific devices enumerated by Plaintiff: the Xperia Z3 LTE, Xperia Z3 Compact, Xperia Z3, Xperia T3, Xperia M dual, Xperia M2, Xperia M2 LTE, Xperia M2 Dual, Xperia Z1 Compact, Xperia Z1 LTE, Xperia Z1S, Xperia TL, Xperia

acro S, Xperia L, Xperia Z 4G LTE, Xperia P, Xperia ZR, Xperia E dual, Xperia SP, Xperia Z – unlocked, Xperia Advance, and Xperia ZL devices.

For further answer, Sony Mobile states that it is unaware of any "infringing functionalities" of any Sony Mobile products, and thus, none.

Dated January 7, 2015

                    Respectfully submitted,

                    /s/ Richard L. Wynne, Jr.
                    Richard L. Wynne, Jr., Esq. (*Pro Hac Vice*)
                    Email: richard.wynne@tklaw.com
                    Adrienne E. Dominguez, Esq. (*Pro Hac Vice*)
                    Email: adrienne.dominguez@tklaw.com
                    THOMPSON & KNIGHT LLP
                    1722 Routh Street, Suite 1500
                    Dallas, Texas 75201
                    Telephone: 214.969.1700
                    Telecopy: 214.969.1751

                    AND

                    Janet T. Munn, Esq., Fla. Bar No. 501281
                    Email: jmunn@rascoklock.com
                    RASCO KLOCK, ET AL.
                    2555 Ponce de Leon Blvd., Suite 600
                    Coral Gables, Florida 33134
                    Telephone:  305.476.7101
                    Telecopy:  305.476.7102

                    ATTORNEYS FOR DEFENDANT
                    SONY MOBILE COMMUNICATIONS (USA) INC.

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing document was served on January 7, 2015, on the following by email and U.S. mail.

        Andrew M. Howard
        Shore Chan DePumpo LLP
        Bank of America Plaza
        901 Main Street, Suite 3300
        Dallas, Texas 75202

                    By: s/ Richard L. Wynne, Jr.
                          Richard L. Wynne, Jr.

508322 000014 13485712.1