**EXHIBIT O**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 14–22652–CIV–BLOOM/VALLE**

Rothschild Storage
Retrieval Innovations, LLC,

    Plaintiff,

vs.

Sony Mobile Communications (USA) Inc.

    Defendant.

_____/

**DEFENDANT SONY MOBILE COMMUNICATIONS (USA) INC.'S
OBJECTIONS AND RESPONSES TO PLAINTIFF'S
FIRST AMENDED SET OF REQUESTS FOR PRODUCTION TO DEFENDANT**

In accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Sony Mobile Communications (USA), Inc. ("Sony Mobile") serves the following Objections and Responses to Plaintiff's First Amended Set of Requests for Production to Defendant.

**I.**

**GENERAL OBJECTIONS**

    1.    Sony Mobile's responses to these discovery requests do not constitute an admission or acknowledgement that the information sought is within the proper scope of discovery.

    2.    Sony Mobile's responses to these discovery requests are made without in any way waiving (a) the right to object on the grounds of competency, relevancy, materiality, privilege, or admissibility as evidence for any purpose in any subsequent proceeding or hearing in this action

or any other action; and (b) the right to object on any grounds to other discovery requests involving or relating to the subject matter of these discovery requests.

3. Sony Mobile objects to the definitions of "ACCUSED DEVICES" and "ACCUSED PRODUCTS" because they are overly broad, vague and ambiguous and call for a legal conclusion. In particular, Sony Mobile objects to the definitions because they are circular in that they refer to "infringing functions" or "infringing functionality" as being within the scope of the accused devices or products, and yet Sony Mobile denies that any of its products infringe the '797 Patent. Plaintiff bears the burden of proof on infringement, and thus, Sony Mobile further objects to these definitions because they seek to impose an improper duty or burden of proof on Sony Mobile with respect to identification of allegedly infringing devices or articles.  Sony Mobile will answer with respect only to the specific devices enumerated by Plaintiff: the Xperia Z3 LTE, Xperia Z3 Compact, Xperia Z3, Xperia T3, Xperia M dual, Xperia M2, Xperia M2 LTE, Xperia M2 Dual, Xperia Z1 Compact, Xperia Z1 LTE, Xperia Z1S, Xperia TL, Xperia acro S, Xperia L, Xperia Z 4G LTE, Xperia P, Xperia ZR, Xperia E dual, Xperia SP, Xperia Z – unlocked, Xperia Advance, and Xperia ZL devices.

4. Sony Mobile objects to the definitions of "IDENTIFY" in paragraphs 10-12 of the DEFINITIONS section because those definitions render the term overly broad, unduly burdensome and harassing and seek to impose a duty on Sony Mobile to provide information that is not within Sony Mobile's possession, custody, or control.

5. Sony Mobile objects to the definition of "SALES INFORMATION" because its incorporation of the terms ACCUSED PRODUCTS and ACCUSED DEVICES renders it overly broad, vague and ambiguous and calling for a legal conclusion.  Sony Mobile further objects to the definition because it is not limited to the United States.

6.     Sony Mobile objects to the time period covered by the interrogatories as described in paragraph 19 of the DEFINITIONS section as applied to "SALES INFORMATION" because it is overly broad as to time and therefore would cover information that is not relevant to any matter at issue and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has accused the Google+ Stories functionality, which Google did not release until May 2014, and thus, Sony Mobile will provide "SALES INFORMATION" and any other documents or information related to sales, revenue, forecasts or other data relating to financial or business analyses since May 2014 only.

7.     Sony Mobile objects to these discovery requests to the extent that they seek information concerning events or acts occurring outside the United States.

8.     Sony Mobile reserves its right to supplement or otherwise alter its answers as more information becomes available and as its investigation regarding the issues in this case proceeds.

## II.
## OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**

Produce all DOCUMENTS referring to the '797 PATENT, including but not limited to any DOCUMENT referring to same; DOCUMENTS PERTAINING TO the investigation or evaluation of possible infringement of the '797 PATENT by SONY of same; and/or the potential validity, invalidity, and/or enforceability of same, which includes among other things DOCUMENTS YOU contend constitute PRIOR ART against the '797 PATENT.

**RESPONSE:**

Sony Mobile objects to this Request because it is overly broad and unduly burdensome and seeks documents that are not relevant to any matter in issue and is not reasonably calculated to lead to the discovery of admissible evidence because the request for "all DOCUMENTS referring to the '797 PATENT" fails to identify a specific category of documents with reasonable particularity. Sony Mobile further objects to this Request to the extent that it seeks documents related to Sony Mobile's post-suit investigation and evaluation of Plaintiff's claims, which are protected from discovery by the attorney-client or work-product privileges. Such documents will not be further logged or identified pursuant to S.D. Fla. L.R. 26.1(g)(3)(C) because they occurred after the date the lawsuit was filed.

For further response, Sony Mobile states that it will produce documents pertaining to the potential validity, invalidity, and/or enforceability of the '797 Patent, including documents Sony Mobile contends are prior art. Sony Mobile is withholding all documents pertaining to the investigation or evaluation of possible infringement of the '797 Patent by Sony Mobile because such documents were created after the date of the lawsuit and are protected from discovery by the attorney-client or work-product privileges.

**REQUEST NO. 2:**

Produce all source code, specifications, schematics, flow charts, artwork, formulas, or other DOCUMENTATION sufficient to show the operation of the alleged infringing functionalities of the ACCUSED PRODUCTS and/or ACCUSED DEVICES.

– 4 –

**RESPONSE:**

Sony Mobile objects to the definitions of "ACCUSED DEVICES" and "ACCUSED PRODUCTS" because they are overly broad, vague and ambiguous and call for a legal conclusion. In particular, Sony Mobile objects to the definitions because they are circular in that they refer to "infringing functions" or "infringing functionality" as being within the scope of the accused devices or products, and yet Sony Mobile denies that any of its products infringe the '797 Patent. Plaintiff bears the burden of proof on infringement, and thus, Sony Mobile further objects to these definitions because they seek to impose an improper duty or burden of proof on Sony Mobile with respect to identification of allegedly infringing devices or articles. Sony Mobile will answer with respect only to the specific devices enumerated by Plaintiff: the Xperia Z3 LTE, Xperia Z3 Compact, Xperia Z3, Xperia T3, Xperia M dual, Xperia M2, Xperia M2 LTE, Xperia M2 Dual, Xperia Z1 Compact, Xperia Z1 LTE, Xperia Z1S, Xperia TL, Xperia acro S, Xperia L, Xperia Z 4G LTE, Xperia P, Xperia ZR, Xperia E dual, Xperia SP, Xperia Z – unlocked, Xperia Advance, and Xperia ZL devices.

Sony Mobile further objects to this Request because the response would require the disclosure of detailed technical information and documents that would disclose confidential, proprietary or trade secret information of Sony Mobile regarding how applications used by its products operate or are implemented. This information allows Sony Mobile to develop and implement features that are competitive with other smartphones available to consumers, thereby creating a market for Sony Mobile's products, the disclosure of which would be harmful to Sony Mobile because, as one example, Sony Mobile's competitors would be able to use Sony Mobile's developments in their own products. No such information will be provided absent the entry by the Court of a stipulated protective order in a form acceptable to Sony Mobile, or as ordered by the Court.

For further response, Sony Mobile states that it will produce publicly available technical information related to the Xperia Z3 LTE, Xperia Z3 Compact, Xperia Z3, Xperia T3, Xperia M dual, Xperia M2, Xperia M2 LTE, Xperia M2 Dual, Xperia Z1 Compact, Xperia Z1 LTE, Xperia Z1S, Xperia TL, Xperia acro S, Xperia L, Xperia Z 4G LTE, Xperia P, Xperia ZR, Xperia E dual, Xperia SP, Xperia Z – unlocked, Xperia Advance, and Xperia ZL devices.

**REQUEST NO. 3:**

Produce all DOCUMENTS supporting YOUR contention that YOU do not infringe the '797 PATENT.

**RESPONSE:**

Sony Mobile objects to this Request because the response would require the disclosure of detailed technical information and documents that would disclose confidential, proprietary or trade secret information of Sony Mobile regarding how applications used by its products operate

– 5 –

or are implemented.  This information allows Sony Mobile to develop and implement features that are competitive with other smartphones available to consumers, thereby creating a market for Sony Mobile's products, the disclosure of which would be harmful to Sony Mobile because, as one example, Sony Mobile's competitors would be able to use Sony Mobile's developments in their own products.  No such information will be provided absent the entry by the Court of a stipulated protective order in a form acceptable to Sony Mobile, or as ordered by the Court.

For further response, Sony Mobile states that it will produce publicly available technical information related to the Xperia Z3 LTE, Xperia Z3 Compact, Xperia Z3, Xperia T3, Xperia M dual, Xperia M2, Xperia M2 LTE, Xperia M2 Dual, Xperia Z1 Compact, Xperia Z1 LTE, Xperia Z1S, Xperia TL, Xperia acro S, Xperia L, Xperia Z 4G LTE, Xperia P, Xperia ZR, Xperia E dual, Xperia SP, Xperia Z – unlocked, Xperia Advance, and Xperia ZL devices.

**REQUEST NO. 4:**

Produce all DOCUMENTS concerning a reasonable royalty under 35 U.S.C. § 284 for this case, including, but not limited to, any licenses or agreements relating to the ACCUSED PRODUCT and/or ACCUSED DEVICE, and any royalty rate SONY contends would be appropriate in this case.

**RESPONSE:**

Sony Mobile objects to the definitions of "ACCUSED DEVICES" and "ACCUSED PRODUCTS" because they they are overly broad, vague and ambiguous and call for a legal conclusion. In particular, Sony Mobile objects to the definitions because they are circular in that they refer to "infringing functions" or "infringing functionality" as being within the scope of the accused devices or products, and yet Sony Mobile denies that any of its products infringe the '797 Patent. Plaintiff bears the burden of proof on infringement, and thus, Sony Mobile further objects to these definitions because they seek to impose an improper duty or burden of proof on Sony Mobile with respect to identification of allegedly infringing devices or articles.  Sony Mobile will answer with respect only to the specific devices enumerated by Plaintiff: the Xperia Z3 LTE, Xperia Z3 Compact, Xperia Z3, Xperia T3, Xperia M dual, Xperia M2, Xperia M2 LTE, Xperia M2 Dual, Xperia Z1 Compact, Xperia Z1 LTE, Xperia Z1S, Xperia TL, Xperia acro S, Xperia L, Xperia Z 4G LTE, Xperia P, Xperia ZR, Xperia E dual, Xperia SP, Xperia Z – unlocked, Xperia Advance, and Xperia ZL devices.

Sony Mobile objects to this Request because it is overly broad and unduly burdensome, vague and ambiguous, and seeks documents that are not relevant to any matter in issue and is not reasonably calculated to lead to the discovery of admissible evidence because it seeks all documents "concerning a reasonable royalty" without further description.  Sony Mobile further objects to this Request because it is premature in that it seeks expert information, and the Court

has set a date for expert disclosures. Sony Mobile further objects to this Request because the answer would require the disclosure of financial and other information that constitutes confidential, proprietary or trade secret information of Sony Mobile. Disclosure of such information would cause harm to Sony's Mobile's business and put it at a disadvantage with respect to its competitors and customers. As one example, allowing Sony Mobile's competitors access to information regarding Sony Mobile's profit margins or consumer discounts would enable those competitors to undercut Sony Mobile's prices. No such information will be provided absent the entry by the Court of a stipulated protective order in a form acceptable to Sony Mobile, or as ordered by the Court.

**REQUEST NO. 5:**

Produce all DOCUMENTS PERTAINING TO YOUR SALES INFORMATION, including but not limited to any DOCUMENTS YOU filed with any United States federal and/or state government department and/or agency (e.g., Custom and Border Protection, Internal Revenue Service, comptroller for an individual state, a secretary of state, etc.), profit and loss statements, and/or other financial documentation.

**RESPONSE:**

Sony Mobile objects to the definition of "SALES INFORMATION" because its incorporation of the terms ACCUSED PRODUCTS and ACCUSED DEVICES renders it overly broad, vague and ambiguous and calling for a legal conclusion. Sony Mobile further objects to the definition because it is not limited to the United States.

Sony Mobile objects to the time period covered by the interrogatories as described in paragraph 19 of the DEFINITIONS section as applied to "SALES INFORMATION" because it is overly broad as to time and therefore would cover information that is not relevant to any matter at issue and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has accused the Google+ Stories functionality, which Google did not release until May 2014, and thus, Sony Mobile will provide "SALES INFORMATION" and any other documents or information related to sales, revenue, forecasts or other data relating to financial or business analyses since May 2014 only.

Sony Mobile objects to this Request because it is overly broad and unduly burdensome and seeks documents that are not relevant to any matter in issue and is not reasonably calculated to lead to the discovery of admissible evidence because it is not limited it is not limited to the products or devices that have been accused of infringing the '797 Patent and because it seeks duplicative information and documents that are not limited to U.S. sales of Sony Mobile products. Sony Mobile further objects to this Request because the answer would require the

disclosure of financial and other information that constitutes confidential, proprietary or trade secret information of Sony Mobile. Disclosure of such information would cause harm to Sony's Mobile's business and put it at a disadvantage with respect to its competitors and customers. As one example, allowing Sony Mobile's competitors access to information regarding Sony Mobile's profit margins or consumer discounts would enable those competitors to undercut Sony Mobile's prices. No such information will be provided absent the entry by the Court of a stipulated protective order in a form acceptable to Sony Mobile, or as ordered by the Court.

For further response, Sony Mobile states that it does not make any public filings that would reflect sales on a product level for the U.S. entity.

**REQUEST NO. 6:**

Produce all DOCUMENTS PERTAINING TO any business plans, competitive analyses, market analyses, projections (including profit projections), projected sales and/or other financial analyses, and/or other similar DOCUMENTS, whether focused on the past, present, and/or future markets for the ACCUSED DEVICES and/or ACCUSED PRODUCTS.

**RESPONSE:**

Sony Mobile objects to the definitions of "ACCUSED DEVICES" and "ACCUSED PRODUCTS" because they are overly broad, vague and ambiguous and call for a legal conclusion. In particular, Sony Mobile objects to the definitions because they are circular in that they refer to "infringing functions" or "infringing functionality" as being within the scope of the accused devices or products, and yet Sony Mobile denies that any of its products infringe the '797 Patent. Plaintiff bears the burden of proof on infringement, and thus, Sony Mobile further objects to these definitions because they seek to impose an improper duty or burden of proof on Sony Mobile with respect to identification of allegedly infringing devices or articles. Sony Mobile will answer with respect only to the specific devices enumerated by Plaintiff: the Xperia Z3 LTE, Xperia Z3 Compact, Xperia Z3, Xperia T3, Xperia M dual, Xperia M2, Xperia M2 LTE, Xperia M2 Dual, Xperia Z1 Compact, Xperia Z1 LTE, Xperia Z1S, Xperia TL, Xperia acro S, Xperia L, Xperia Z 4G LTE, Xperia P, Xperia ZR, Xperia E dual, Xperia SP, Xperia Z – unlocked, Xperia Advance, and Xperia ZL devices.

Sony Mobile objects to the time period covered by the interrogatories as described in paragraph 19 of the DEFINITIONS section as applied to "SALES INFORMATION" because it is overly broad as to time and therefore would cover information that is not relevant to any matter at issue and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has accused the Google+ Stories functionality, which Google did not release until May 2014, and thus, Sony Mobile will provide "SALES INFORMATION" and any other documents

– 8 –

or information related to sales, revenue, forecasts or other data relating to financial or business analyses since May 2014 only.

Sony Mobile further objects to this Request because it is overly broad and unduly burdensome and seeks documents that are not relevant to any matter in issue and is not reasonably calculated to lead to the discovery of admissible evidence because it seeks duplicative information and documents that are not limited to U.S. sales, which are the only relevant sales for purposes of damages in this lawsuit, and because it is not limited in time.  Sony Mobile further objects to this Request because the answer would require the disclosure of financial and other information that constitutes confidential, proprietary or trade secret information of Sony Mobile.  Disclosure of such information would cause harm to Sony's Mobile's business and put it at a disadvantage with respect to its competitors and customers.  As one example, allowing Sony Mobile's competitors access to information regarding Sony Mobile's profit margins or consumer discounts would enable those competitors to undercut Sony Mobile's prices.  No such information will be provided absent the entry by the Court of a stipulated protective order in a form acceptable to Sony Mobile, or as ordered by the Court.

**REQUEST NO. 7:**

Produce all DOCUMENTS that forecast, estimate, or report the total gross revenues, net revenues, profit margins, and earnings before interest and taxes realized for the sale of YOUR ACCUSED DEVICES and/or ACCUSED PRODUCTS.

**RESPONSE:**

Sony Mobile objects to the definitions of "ACCUSED DEVICES" and "ACCUSED PRODUCTS" because they are overly broad, vague and ambiguous and call for a legal conclusion. In particular, Sony Mobile objects to the definitions because they are circular in that they refer to "infringing functions" or "infringing functionality" as being within the scope of the accused devices or products, and yet Sony Mobile denies that any of its products infringe the '797 Patent. Plaintiff bears the burden of proof on infringement, and thus, Sony Mobile further objects to these definitions because they seek to impose an improper duty or burden of proof on Sony Mobile with respect to identification of allegedly infringing devices or articles.  Sony Mobile will answer with respect only to the specific devices enumerated by Plaintiff: the Xperia Z3 LTE, Xperia Z3 Compact, Xperia Z3, Xperia T3, Xperia M dual, Xperia M2, Xperia M2 LTE, Xperia M2 Dual, Xperia Z1 Compact, Xperia Z1 LTE, Xperia Z1S, Xperia TL, Xperia acro S, Xperia L, Xperia Z 4G LTE, Xperia P, Xperia ZR, Xperia E dual, Xperia SP, Xperia Z – unlocked, Xperia Advance, and Xperia ZL devices.

Sony Mobile objects to the time period covered by the interrogatories as described in paragraph 19 of the DEFINITIONS section as applied to "SALES INFORMATION" because it is overly broad as to time and therefore would cover information that is not relevant to any

– 9 –

matter at issue and is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has accused the Google+ Stories functionality, which Google did not release until May 2014, and thus, Sony Mobile will provide "SALES INFORMATION" and any other documents or information related to sales, revenue, forecasts or other data relating to financial or business analyses since May 2014 only.

Sony Mobile objects to this Request because it is overly broad and unduly burdensome and seeks documents that are not relevant to any matter in issue and is not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents that would contain duplicative data and because it seeks forecasts and/or estimates, rather than actual sales data, which is an improper measure of damages. Sony Mobile further objects to this Request because the answer would require the disclosure of financial and other information that constitutes confidential, proprietary or trade secret information of Sony Mobile. Disclosure of such information would cause harm to Sony's Mobile's business and put it at a disadvantage with respect to its competitors and customers. As one example, allowing Sony Mobile's competitors access to information regarding Sony Mobile's profit margins or consumer discounts would enable those competitors to undercut Sony Mobile's prices. No such information will be provided absent the entry by the Court of a stipulated protective order in a form acceptable to Sony Mobile, or as ordered by the Court.

**REQUEST NO. 8:**

Any DOCUMENTS or COMMUNICATIONS PERTAINING TO image sorting or image indexing according to location, Global Positioning System information, or other specified criteria, including but not limited to subsequent or contemporaneous transmittal of images to any specified recipient(s) or web server(s) based on such sorting or indexing.

**RESPONSE:**

Sony Mobile objects to this Request because it is overly broad and unduly burdensome and seeks documents that are not relevant to any matter in issue and is not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to the products or devices that have been accused of infringing the '797 Patent. Sony Mobile further objects to this Request because the response would require the disclosure of detailed technical information and documents that would disclose confidential, proprietary or trade secret information of Sony Mobile regarding how applications used by its products operate or are implemented. This information allows Sony Mobile to develop and implement features that are competitive with other smartphones available to consumers, thereby creating a market for Sony Mobile's products, the disclosure of which would be harmful to Sony Mobile because, as one example, Sony Mobile's competitors would be able to use Sony Mobile's developments in their own products.

– 11 –

No such information will be provided absent the entry by the Court of a stipulated protective order in a form acceptable to Sony Mobile, or as ordered by the Court.

For further response, Sony Mobile states that it will produce publicly available technical information related to the Xperia Z3 LTE, Xperia Z3 Compact, Xperia Z3, Xperia T3, Xperia M dual, Xperia M2, Xperia M2 LTE, Xperia M2 Dual, Xperia Z1 Compact, Xperia Z1 LTE, Xperia Z1S, Xperia TL, Xperia acro S, Xperia L, Xperia Z 4G LTE, Xperia P, Xperia ZR, Xperia E dual, Xperia SP, Xperia Z – unlocked, Xperia Advance, and Xperia ZL devices.

Dated January 7, 2015

        Respectfully submitted,

        /s/ Richard L. Wynne, Jr.
        Richard L. Wynne, Jr., Esq. (*Pro Hac Vice*)
        Email: richard.wynne@tklaw.com
        Adrienne E. Dominguez, Esq. (*Pro Hac Vice*)
        Email: adrienne.dominguez@tklaw.com
        THOMPSON & KNIGHT LLP
        1722 Routh Street, Suite 1500
        Dallas, Texas 75201
        Telephone: 214.969.1700
        Telecopy: 214.969.1751

        AND

        Janet T. Munn, Esq., Fla. Bar No. 501281
        Email: jmunn@rascoklock.com
        RASCO KLOCK, ET AL.
        2555 Ponce de Leon Blvd., Suite 600
        Coral Gables, Florida 33134
        Telephone:  305.476.7101
        Telecopy:  305.476.7102

        ATTORNEYS FOR DEFENDANT
        SONY MOBILE COMMUNICATIONS (USA) INC.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served on January 7, 2015, on the following by email and U.S. mail.

    Andrew M. Howard
    Shore Chan DePumpo LLP
    Bank of America Plaza
    901 Main Street, Suite 3300
    Dallas, Texas 75202

        By: s/ Richard L. Wynne, Jr.
            Richard L. Wynne, Jr.

508322 000014 13487054.1