**EXHIBIT P**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 14-22652-CIV-BLOOM/VALLE**

ROTHSCHILD STORAGE
RETRIEVAL INNOVATIONS, LLC,
                Plaintiff,

vs.

SONY MOBILE COMMUNICATIONS (USA) INC.
                Defendant.

_____/

**PLAINTIFF'S AMENDED OBJECTIONS AND RESPONSES TO**
**DEFENDANT'S FIRST SET OF INTERROGATORIES**

       Plaintiff Rothschild Storage Retrieval Innovations, LLC, ("Plaintiff" and/or "RSRI") serves

the following Amended Objections and Responses to Defendant Sony Mobile Communications

(USA) Inc.'s ("Defendant" and/or "Sony") First Set of Interrogatories.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

       1.      Plaintiff objects to Instruction A as requiring and as seeking information that is not

subject to RSRI's possession, custody, or control by including "predecessors or successors in

interest" because predecessor entities may not exist and successors in interest have not yet been

defined, so access, control, or possession cannot be hypothetically defined.

       2.      In connection with the interrogatories, Plaintiff does not intend to waive, and shall

not be construed as having waived, the attorney client privilege, the work product doctrine, common

interest privilege, joint defense privilege, the trade secret or proprietary information privilege, or any

other applicable privilege or immunity. Any inadvertent disclosure thereof shall not be deemed a

waiver of any such privilege or protection in whole or in part. Plaintiff reserves its right to recall

any such disclosure.

3.      Because fact and expert discovery are still ongoing, Plaintiff explicitly reserves the right to supplement these answers.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**        Identify, with specificity, the manner in which you contend Sony Mobile has infringed any claim of the '797 Patent, including:

(a)      Each claim of each Patent-in-Suit that is allegedly infringed by Sony Mobile ("Asserted Claims"), including whether the alleged infringement is literal infringement or infringement under the doctrine of equivalents;

(b)      Separately for each Asserted Claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of Sony Mobile of which You are aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process; and

(c)      In a chart, specifically where each element of each Asserted Claim is found within each Accused Instrumentality.

**ANSWER:**

Plaintiff objects to the definition of "you" and Instruction A to the extent they incorporate attorneys and thus implicates the attorney-client privilege, work-product exemption, and/or any other applicable statutory or common law privilege. RSRI further objects to the definition of "you" and Instruction A to the extent they call for legal conclusions and as unduly burdensome and overbroad as including "predecessors-in-interest or successors-in-interest." The definition of "you"

and Instruction A seek information that is not subject to RSRI's possession, custody, or control by including "predecessors or successors in interest" because predecessor entities may not exist and successors in interest have not yet been defined, so access, control, or possession cannot be hypothetically defined. Plaintiff further objects to Instruction B to the extent it incorporates attorneys and thus implicates the attorney-client privilege, work-product exemption, and/or any other applicable statutory or common law privilege. RSRI further objects to this Interrogatory as seeking discovery related to RSRI's Rule 11 investigation, which requires leave of the Court and is only allowed in extraordinary circumstances, which are not present here. *See* FED. R. CIV. P. 11 Advisory Committee Notes to the 1983 Amendment ("To assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions, the court must to the extent possible limit the scope of sanction proceedings to the record. Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances."); *see also* FED. R. CIV. P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation…" unless that party shows that it has a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."); *Vasudevan Software, Inc. v. International Business Machine Corp.*, No. C09-05897 RS (HRL), 2011 WL 940263, at *4-5 (N.D. Cal. Feb. 18, 2011) (denying motion to compel responses to interrogatories that requested description of pre-filing investigation); *Reckitt Benckiser LLC v. Amneal Pharmaceuticals, LLC*, No. 11-6609 (FLW), 2012 WL 2871061, at *6 (D.N.J. July 12, 2012) (holding that testing procedures and protocol used by plaintiff fell within work-product privilege).  RSRI has specifically withheld information pursuant to its Federal Rule of Civil Procedure Rule 11 investigation and its attorneys' work product created in evaluation of its claims

against Sony both before and after litigation was instituted. Pursuant to Local Rule 26.1(g)(B)(ii)(a), such pre-suit information includes: (1) infringement analysis and communications between RSRI and its counsel; (2) developed using MS Powerpoint, MS Excel, Microsoft Outlook or web-based email programs, and MS Word; (3) documents dated: July 13, 2012, October 16, 2013, October 17, 2013, October 19, 2012, March 12, 2014, June 13, 2014, June 17, 2014, June 23, 2014, June 25, 2014, July 10, 2014, July 11, 2014, and July 15, 2014; (4) author: RSRI, Leigh Rothschild, Connie Kazanjian, or Shore Chan DePumpo LLP, recipient: RSRI Leigh Rothschild, Connie Kazanjian, or Shore Chan DePumpo LLP. RSRI further objects to this Interrogatory to the extent it contains multiple discrete subparts. RSRI will respond to this Interrogatory as counting for three separate interrogatories. RSRI objects to this Interrogatory as a premature contention interrogatory that cannot be fully answered until after discovery has been completed and because information responsive to this Interrogatory, such as Sony's technical production, have not been provided by Sony in discovery. RSRI further objects to this Interrogatory to the extent it is premature and seeks expert discovery in advance of deadlines provided by the Court's Scheduling Order. Subject to the foregoing objections, RSRI responds as follows:

Sony has directly infringed, literally and/or under the doctrine of equivalents, and will continue to directly infringe claims 1, 5, 8, 9, 13, and 16 of the '797 patent (the "Asserted Claims") by making, using, selling, offering to sell, and/or importing into the United states products that embody or practice the apparatus and/or method covered by the Asserted Claims, including but not limited to Sony's Xperia Z3 LTE, Xperia Z3 Compact, Xperia Z3, Xperia T3, Xperia M dual, Xperia M2, Xperia M2 LTE, Xperia M2 Dual, Xperia Z1 Compact, Xperia Z1 LTE, Xperia Z1S, Xperia TL, Xperia acro S, Xperia L, Xperia Z 4G LTE, Xperia P, Xperia ZR, Xperia E dual, Xperia SP, Xperia Z – unlocked, Xperia Advance, and Xperia ZL ("Accused

Products"). Sony has actively induced and continues to induce infringement of the '797 patent since at least its date of notice via service of the Original Complaint on July 16, 2014. Attached hereto and incorporated fully herein as Exhibit A is a chart specifically detailing where each element of each Asserted Claim is found within the Accused Products. Screen captures in Exhibit A are taken directly from the Accused Product(s).

**INTERROGATORY NO. 2:**      For each Asserted Claim, identify the earliest date of invention, including:

   (a)      The priority date to which the Asserted Claim is entitled, for any Patent-in-Suit that claims priority to an earlier application; and

   (b)      Whether RSRI wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention. If so, identify, separately for each Asserted Claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

**ANSWER:**

   RSRI objects to this Interrogatory to the extent it contains multiple discrete subparts. RSRI will respond to this Interrogatory as counting for two separate interrogatories. RSRI objects to this Interrogatory as a premature contention interrogatory that cannot be fully answered until after discovery has been completed and because information responsive to this request, such as Sony's technical production, have not been provided by Sony in discovery. RSRI further objects to this Interrogatory to the extent it is premature and seeks production of expert discovery in advance of deadlines provided by the Court's Scheduling Order. Subject to the foregoing objections, RSRI responds as follows:

Pursuant to 35 U.S.C. § 120, the '797 patent claims priority to U.S. Patent No. 8,204,437 and is legally entitled to a priority date of no later than August 8, 2008. At this time, RSRI does not wish to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention.

Dated: January 15, 2015                     Respectfully submitted,

DIAZ REUS & TARG, LLP
100 Southeast Second Street
3400 Miami Tower
Miami, Florida 33131
Telephone: (305) 375-9220
Facsimile: (305) 375-8050

*/s/Brant C. Hadaway*
Michael Diaz, Jr.
Florida Bar No. 606774
E-mail: mdiaz@diazreus.com
Brant C. Hadaway
Florida Bar No. 494690
E-mail: bhadaway@diazreus.com
Xingjian Zhao
Florida Bar No. 86289
E-mail: xzhao@diazreus.com

*Counsel for Plaintiff*

– AND –

Michael W. Shore
Texas Bar No. 18294915
E-mail: mshore@shorechan.com
Alfonso G. Chan
Texas Bar No. 24012408
E-mail: achan@shorechan.com
Andrew M. Howard*
Texas Bar No. 24059973
E-mail: ahoward@shorechan.com
Dustin R. Lo
Texas Bar No. 24087937
E-mail: dlo@shorechan.com
SHORE CHAN DEPUMPO LLP
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone: (214) 593-9110
Facsimile: (214) 593-9111
*\* pro hac vice granted*

*Of Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of January, 2015, I served the foregoing

document on all counsel of record identified on the Service List below via email and U.S. mail.


/s/ Andrew M. Howard
_____

Andrew M. Howard*
Texas Bar No. 24059973
E-mail: ahoward@shorechan.com

*Counsel for Plaintiff*

## <u>SERVICE LIST</u>

Janet T. Munn
Rasco Klock, et al.
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, FL 33134
jmunn@rascoklock.com

Richard L. Wynne, Jr.
Adrienne E. Dominguez
Thompson & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
Richard.wynne@tklaw.com
Adrienne.dominguez@tklaw.com

# Exhibit A – Claim Chart for U.S. Patent No. 8,437,797

---

**Xperia Z3 LTE, Xperia Z3 Compact, Xperia Z2, Xperia T3, Xperia M Dual, Xperia M2, Xperia M2 LTE, Xperia M2 Dual, Xperia Z1 Compact, Xperia Z1 LTE, Xperia Z1S, Xperia TL, Xperia acro S, Xperia L, Xperia Z 4G LTE, Xperia P, Xperia ZR, Xperia E dual, Xperia SP, Xperia Z – unlocked, Xperia Advance, and Xperia ZL**

Solely for the purpose setting forth RSRI's preliminary infringement theories. This chart does not constitute RSRI's final proof of infringement and RSRI reserves the right to amend its theories, based upon discovery produced by Defendant, Defendant's non-infringement or invalidity theories, claim construction, and//or expert reports.

**U.S. Patent No. 8,437,797 – Sony**

| Claim 1 |
| --- |
| An image-capturing mobile device, comprising |

 

Sony Xperia Z3 (front and back)

The operating system and geotagging feature used by **Xperia Z3 LTE, Xperia Z3 Compact, Xperia Z2, Xperia T3, Xperia M dual, Xperia M2, Xperia M2 LTE, Xperia M2 Dual, Xperia Z1 Compact, Xperia Z1 LTE, Xperia Z1S, Xperia TL, Xperia acro S, Xperia L, Xperia Z 4G LTE, Xperia P, Xperia ZR, Xperia E dual, Xperia SP, Xperia Z – unlocked, Xperia Advance, and Xperia ZL** may be different in models or versions, but have identical functionalities for purposes of infringement.

| Claim 1 |
| --- |
| An **image-capturing mobile device**, comprising |

**image-capturing mobile device**



| Claim 1 |
|---------|

a **wireless receiver**; a **wireless transmitter**; and

Sony Xperia Z3 includes a **wireless receiver**, a **wireless transmitter** to allow data transmission through cellular network, WiFi, etc.



**Networks**

- GSM GPRS/EDGE (2G)
- UMTS HSPA (3G)
- LTE (4G) (not available in all markets)

Connectivity

- aGPS**
- Bluetooth® 4.0 wireless technology
- 3.5 mm audio jack with Digital Noise Cancelling (DNC)
- DLNA Certified®
- NFC
- GLONASS**
- Native USB tethering
- Synchronisation via Exchange ActiveSync®, Facebook™, Google™ and SyncML™**
- USB High speed 2.0 and Micro USB support
- Wi-Fi® and Wi-Fi Hotspot functionality
- ANT+ wireless technology

Source: http://www.sonymobile.com/global-en/products/phones/xperia-z3/specifications/#tabs

| Claim 1 |
| --- |

a **processor** operably connected to the wireless receiver and the wireless transmitter,



### Processor (CPU)

- Snapdragon 2.5 GHz Qualcomm Quad-core
- Adreno 330 GPU

Source: http://www.sonymobile.com/global-en/products/phones/xperia-z3/specifications/#tabs

**U.S. Patent No. 8,437,797 – Sony**

| Claim 1 |
|---|

wherein the processor is configured to initiate and/or perform **receiving a plurality of photographic images**;

**receiving a plurality of photographic images**



Claim 1

**filtering** the plurality of photographic images using a transfer criteria; and

The processor is configured to initiate and/or perform **filtering** the plurality of photographic images using a transfer criteria that includes a geographic location of the image-capturing mobile device through Google+ Stories



**U.S. Patent No. 8,437,797 – Sony**

| Claim 1 |
| --- |

**transmitting**, via the wireless transmitter and to a second mobile device, the filtered plurality of photographic images, wherein

The filtered plurality of photographic images can be transmitted, via the wireless transmitter, to a second mobile device by "**shar[ing] story**" to one or more of the "People," through "Bluetooth," email, messaging, or "Gmail", etc.

  

U.S. Patent No. 8,437,797 – Sony

| Claim 1 |
| --- |

the transfer criteria is a **geographic location** of the image-capturing mobile device.

**geographic location**



U.S. Patent No: 8,437,797 – Sony

| Claim 5 |
| --- |

An **image-capturing mobile device**, comprising

**image-capturing mobile device**



| Claim 5 |
|---|

a **wireless receiver**; a **wireless transmitter**; and

Sony Xperia Z3 includes a **wireless receiver**, a **wireless transmitter** to allow data transmission through cellular network, WiFi, etc.



Networks

- GSM GPRS/EDGE (2G)
- UMTS HSPA (3G)
- LTE (4G) (not available in all markets)

Connectivity

- aGPS**
- Bluetooth® 4.0 wireless technology
- 3.5 mm audio jack with Digital Noise Cancelling (DNC)
- DLNA Certified®
- NFC
- GLONASS**
- Native USB tethering
- Synchronisation via Exchange ActiveSync®, Facebook™, Google™ and SyncML™**
- USB High speed 2.0 and Micro USB support
- Wi-Fi® and Wi-Fi Hotspot functionality
- ANT+ wireless technology

Source: http://www.sonymobile.com/global-en/products/phones/xperia-z3/specifications/#tabs

| Claim 5 |
|---|

a **processor** operably connected to the wireless receiver and the wireless transmitter,

Processor (CPU)

- Snapdragon 2.5 GHz Qualcomm Quad-core
- Adreno 330 GPU

Source: http://www.sonymobile.com/global-en/products/phones/xperia-z3/specifications/#tabs

12

**U.S. Patent No. 8,437,797 – Sony**

Claim 5

wherein the processor is configured to initiate and/or perform **receiving a plurality of photographic images**;

**receiving a plurality of photographic images**



Claim 5

**filtering** the plurality of photographic images using a transfer criteria; and

**Filtering** the plurality of photographic images using a transfer criteria that includes a geographic location of the image-capturing mobile device through Google+ Stories



U.S. Patent No. 8,437,797 – Sony

| Claim 5 |
|---------|

**transmitting**, via the wireless transmitter and to a second mobile device, the filtered plurality of photographic images, wherein

The filtered plurality of photographic images can be transmitted, via the wireless transmitter, to a second mobile device by "**shar[ing] story**" to one or more of the "People," through "Bluetooth," messaging, email, or "Gmail", etc.

  

15

U.S. Patent No: 8,437,797 — Sony

| Claim 5 |
| --- |

the transfer criteria is a **geographic location** associated with **a respective photographic image** within the plurality of photographic images.

**a respective photographic image** within the plurality of photographic images

**geographic location**





U.S. Patent No. 8,437,797 – Sony

| Claim 8 |
| --- |

An **image-capturing mobile device**, comprising

**image-capturing mobile device**



| Claim 8 |
|---------|

a **wireless receiver**; a **wireless transmitter**; and

Sony Xperia Z3 includes a **wireless receiver**, a **wireless transmitter** to allow data transmission through the various bands of the GSM/GPRS/EDGE, UMTS/HSPA+ networks.



Connectivity

- aGPS**
- Bluetooth® 4.0 wireless technology
- 3.5 mm audio jack with Digital Noise Cancelling (DNC)
- DLNA Certified®
- NFC
- GLONASS**
- Native USB tethering
- Synchronisation via Exchange ActiveSync®, Facebook™, Google™ and SyncML™**
- USB High speed 2.0 and Micro USB support
- Wi-Fi® and Wi-Fi Hotspot functionality
- ANT+ wireless technology

Networks

- GSM GPRS/EDGE (2G)
- UMTS HSPA (3G)
- LTE (4G) (not available in all markets)

Source: http://www.sonymobile.com/global-en/products/phones/xperia-z3/specifications/#tabs

| Claim 8 |
|---|

a **processor** operably connected to the wireless receiver and the wireless transmitter,

Processor (CPU)

- Snapdragon 2.5 GHz Qualcomm Quad-core
- Adreno 330 GPU

Source: http://www.sonymobile.com/global-en/products/phones/xperia-z3/specifications/#tabs

| Claim 8 |
| --- |
| wherein the processor is configured to initiate and/or perform **receiving a plurality of photographic images**; |

**receiving a plurality of photographic images**



| Claim 8 |
| --- |

**filtering** the plurality of photographic images using a transfer criteria; and

**filtering** the plurality of photographic images using a transfer criteria. In this example, the criteria is a geographic location of the image-capturing mobile device used by Google+ Stories



| Claim 8 |
| --- |

**transmitting**, via the wireless transmitter and to a second mobile device, the filtered plurality of photographic images, wherein the image-capturing mobile device and the second mobile device are disposed in a selectively paired relationship with one another based upon an **affinity group** associated with the second mobile device

The filtered plurality of photographic images can be transmitted, via the wireless transmitter, to a second mobile device by "**shar[ing] story**" based upon an **affinity group** in the image-capturing mobile device user's "Circles".

**affinity groups**



U.S. Patent No. 8,437,797 – Sony

| Claim 9 |
| --- |

A method performed by an **image-capturing mobile device**, comprising

**image-capturing mobile device**

U.S. Patent No. 8,437,797 – Sony

| Claim 9 |
| --- |

**receiving a plurality of photographic images**;

**receiving a plurality of photographic images**



| Claim 9 |
| --- |

**filtering** the plurality of photographic images using a transfer criteria; and

**filtering** the plurality of photographic images using a transfer criteria that is a geographic location of the image-capturing mobile device through Google+ Stories



U.S. Patent No: 8,437,797 – Sony

| Claim 9 |
| --- |

**transmitting**, via the wireless transmitter and to a second image capturing device, the filtered plurality of photographic images, wherein

The filtered plurality of photographic images can be transmitted, via the wireless transmitter, to a second mobile device by "**shar[ing] story**" to one or more of the "People," through "Bluetooth," or "Gmail", etc.





Claim 9

the transfer criteria is a **geographic location** of the image-capturing mobile device.

**geographic location**



U.S. Patent No. 8,437,797 – Sony

| Claim 13 |
| --- |

A method performed by an **image-capturing mobile device**, comprising

**image-capturing mobile device**

Claim 13

**receiving a plurality of photographic images**;

**receiving a plurality of photographic images**



U.S. Patent No: 8,437,797 – Sony

| Claim 13 |
|---|

**filtering** the plurality of photographic images using a transfer criteria; and

**filtering** the plurality of photographic images using a transfer criteria that is a geographic location of the image-capturing mobile device through Google+ Stories



U.S. Patent No. 8,437,797 – Sony

| Claim 13 |
|---|

**transmitting**, via the wireless transmitter and to a second image capturing device, the filtered plurality of photographic images, wherein

The filtered plurality of photographic images can be transmitted, via the wireless transmitter, to a second mobile device by "**shar[ing] story**" to one or more of the "People," through "Bluetooth," or "Gmail", etc.

  



U.S. Patent No. 8,437,797 — Sony

| Claim 13 |
| --- |

the transfer criteria is a **geographic location** associated with **a respective photographic image** with the plurality of photographic images.

**a respective photographic image** within the plurality of photographic images

**geographic location**





32

Claim 16

A method performed by an **image-capturing mobile device**, comprising

**image-capturing mobile device**



Claim 16

**receiving a plurality of photographic images**;

**receiving a plurality of photographic images**



Claim 16

**filtering** the plurality of photographic images using a transfer criteria; and

**filtering** the plurality of photographic images using a transfer criteria. In this example, the criteria is a geographic location of the image-capturing mobile device used by Google+ Stories



| Claim 16 |
| --- |

**transmitting**, via the wireless transmitter and to a second image capturing device, the filtered plurality of photographic images, wherein the image-capturing mobile device and the second mobile device are disposed in a selectively paired relationship with one another based upon an **affinity group** associated with the second mobile device.

The filtered plurality of photographic images can be transmitted, via the wireless transmitter, to a second mobile device by "**shar[ing] story**" based upon an **affinity group** in the image-capturing mobile device user's "Circles".

**affinity groups**

