# EXHIBIT Q

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 14-22652-CIV-BLOOM/VALLE**

ROTHSCHILD STORAGE
RETRIEVAL INNOVATIONS, LLC,
        Plaintiff,

vs.

SONY MOBILE COMMUNICATIONS (USA) INC.
        Defendant.

_____/

**PLAINTIFF'S AMENDED OBJECTIONS AND RESPONSES TO**
**DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiff Rothschild Storage Retrieval Innovations, LLC ("Plaintiff" and/or "RSRI") serves the following Amended Objections and Responses to Defendant Sony Mobile Communications (USA) Inc's ("Defendant" and/or "Sony") First Set of Requests for Production (the "Requests").

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Plaintiff objects to Instruction A as requiring and as seeking information that is not subject to RSRI's possession, custody, or control by including "predecessors or successors in interest" because predecessor entities may not exist and successors in interest have not yet been defined, so access, control, or possession cannot be hypothetically defined.

2.      Plaintiff makes no admissions of any nature, and no admissions may be implied by, or inferred from, these objections and responses.

3.      Since fact and expert discovery are still ongoing, Plaintiff explicitly reserves the right to supplement these answers.

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST NO. 1:**   All documents that evidence or support Your answer to Interrogatory No. 1.

**RESPONSE:**

Plaintiff objects to Definition "Your" to the extent it incorporates attorneys and thus implicates the attorney-client privilege, work-product exemption, and/or any other applicable statutory or common law privilege. RSRI further objects to this Request as seeking discovery related to RSRI's Rule 11 investigation, which requires leave of the Court and is only allowed in extraordinary circumstances, which are not present here. *See* FED. R. CIV. P. 11 Advisory Committee Notes to the 1983 Amendment ("To assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions, the court must to the extent possible limit the scope of sanction proceedings to the record. Thus, discovery should be conducted only by leave of the court, and then only in extraordinary circumstances."); *see also* FED. R. CIV. P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation…" unless that party shows that it has a "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."); *Vasudevan Software, Inc. v. International Business Machine Corp.*, No. C09-05897 RS (HRL), 2011 WL 940263, at *4-5 (N.D. Cal. Feb. 18, 2011) (denying motion to compel responses to interrogatories that requested description of pre-filing investigation); *Reckitt Benckiser LLC v. Amneal Pharmaceuticals, LLC*, No. 11-6609 (FLW), 2012 WL 2871061, at *6 (D.N.J. July 12, 2012) (holding that testing procedures and protocol used by plaintiff fell within work-product privilege). RSRI has specifically withheld information pursuant to its Federal Rule of Civil Procedure Rule 11 investigation and its attorneys' work

product created in evaluation of its claims against Sony both before and after litigation was instituted. Pursuant to Local Rule 26.1(g)(B)(ii)(a), such pre-suit information includes: (1) infringement analysis and communications between RSRI and its counsel; (2) developed using MS Powerpoint, MS Excel, Microsoft Outlook or web-based email programs, and MS Word; (3) documents dated: July 13, 2012, October 16, 2013, October 17, 2013, October 19, 2012, March 12, 2014, June 13, 2014, June 17, 2014, June 23, 2014, June 25, 2014, July 10, 2014, July 11, 2014, and July 15, 2014; (4) author: RSRI, Leigh Rothschild, Connie Kazanjian, or Shore Chan DePumpo LLP, recipient: RSRI Leigh Rothschild, Connie Kazanjian, or Shore Chan DePumpo LLP. Plaintiff further objects to this Request to the extent it seeks production of expert discovery in advance of the deadline provided by the Federal Rules of Civil Procedure and/or this Court's scheduling order. Plaintiff further objects to this Request to the extent it seeks to require RSRI to marshal all of its available proof or the proof RSRI intends to offer at trial. Subject to and without waiving the foregoing objections, RSRI has produced responsive, non-privileged documents in its possession as set forth within Interrogatory No. 1.

**REQUEST NO. 2:**    All documents (*e.g.,* contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the Patent-in-Suit.

**RESPONSE:**

After a reasonably diligent search, RSRI has identified no responsive documents.

**REQUEST NO. 3:**    All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of

application for the Patent-in-Suit or the priority date identified in response to Interrogatory No.2, whichever is earlier.

**RESPONSE:**

RSRI has produced responsive, non-privileged documents in its possession, including but not limited to: RSRI_SONY 000481-677 and RSRI_SONY 000874-945.

**REQUEST NO. 4:** A copy of the file history for each Patent-in-Suit and any patent or patent application to which the Patent-in-Suit claims priority.

**RESPONSE:**

RSRI has produced responsive documents in its possession, including but not limited to: RSRI_SONY 000391-433; RSRI_SONY 000450; RSRI_SONY 000360-369; RSRI SONY 000054-61; RSRI_SONY 000370-371; RSRI_SONY 000029-51; RSRI_SONY 000062-66; RSRI_SONY 000331; RSRI_SONY 000067-145; RSRI_SONY 000146; RSRI_SONY 000372-378; RSRI_SONY 000208-210; RSRI_SONY 000201-207; RSRI_SONY 000001-13; RSRI_SONY 000154-166; RSRI_SONY 000211-223; RSRI_SONY 000445; RSRI_SONY 000196-200; RSRI_SONY 000253-257; RSRI_SONY 000349-359; RSRI_SONY 000446-449; RSRI_SONY 000014-26; RSRI_SONY 000183-195; RSRI_SONY 000240-252; RSRI_SONY 000052-53; RSRI_SONY 000167-182; RSRI_SONY 000224-239; RSRI_SONY 000379-381; RSRI_SONY 000443-444; RSRI_SONY 000382-390; RSRI_SONY 000434-442; RSRI_SONY 000027-28; RSRI_SONY 000258-330; RSRI_SONY 000481-677; RSRI_SONY 000874-945; RSRI_SONY 000678-873.

Dated: January 15, 2015                    Respectfully submitted,

                                           DIAZ REUS & TARG, LLP
                                           100 Southeast Second Street
                                           3400 Miami Tower
                                           Miami, Florida 33131
                                           Telephone: (305) 375-9220
                                           Facsimile: (305) 375-8050

                                           */s/Brant C. Hadaway*
                                           Michael Diaz, Jr.
                                           Florida Bar No. 606774
                                           E-mail: mdiaz@diazreus.com
                                           Brant C. Hadaway
                                           Florida Bar No. 494690
                                           E-mail: bhadaway@diazreus.com
                                           Xingjian Zhao
                                           Florida Bar No. 86289
                                           E-mail: xzhao@diazreus.com

                                           *Counsel for Plaintiff*

                                                    – AND –

                                           Michael W. Shore
                                           Texas Bar No. 18294915
                                           E-mail: mshore@shorechan.com
                                           Alfonso G. Chan
                                           Texas Bar No. 24012408
                                           E-mail: achan@shorechan.com
                                           Andrew M. Howard*
                                           Texas Bar No. 24059973
                                           E-mail: ahoward@shorechan.com
                                           Dustin R. Lo
                                           Texas Bar No. 24087937
                                           E-mail: dlo@shorechan.com
                                           SHORE CHAN DEPUMPO LLP
                                           901 Main Street, Suite 3300
                                           Dallas, Texas 75202
                                           Telephone: (214) 593-9110
                                           Facsimile: (214) 593-9111
                                           *\* pro hac vice granted*

                                           *Of Counsel*

---

PLAINTIFF'S AMENDED OBJECTIONS AND RESPONSES
TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION                    Page 5

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on the 15th day of January, 2015, I served the foregoing

document on all counsel of record identified on the Service List below via email and U.S. mail.


*/s/ Andrew M. Howard*
Andrew M. Howard*
Texas Bar No. 24059973
E-mail: ahoward@shorechan.com

*Counsel for Plaintiff*

**<u>Service List</u>**

Janet T. Munn
Rasco Klock, et al.
2555 Ponce de Leon Blvd., Suite 600
Coral Gables, FL 33134
jmunn@rascoklock.com

Richard L. Wynne, Jr.
Adrienne E. Dominguez
Thompson & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
Richard.wynne@tklaw.com
Adrienne.dominguez@tklaw.com